[No. 8,323.    Department One.—November 18, 1884.]

### B. C. McCLOSKEY, Administrator of the Estate of Hugh McCloskey, Deceased, Respondent, v. THE CITY AND COUNTY OF SAN FRANCISCO, Appellant.

Contract—Assignment—Notice.—An assignee of a contract for the payment of money holds it free from any offsets in favor of the debtor against the assignor, created after notice to the debtor of the assignment.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. F. Cowdery*, for Appellant.

*J. M. Wood*, for Respondent.

McKee, J.—This was an action to recover a balance due upon a contract in writing, by which the defendant promised to pay Thomas Barden the contract price of five cents per cubic yard for grading Jefferson square, in the city and county of San Francisco, payment to be made when the work was finished.

On the thirteenth of April, 1873, the work called for by the contract was finished; and the defendant, in performance of the contract on its part, paid to the plaintiff's intestate, as assignee

of the original contractor, the moneys due for the work, except a balance of $1,260, which it refused to pay to him, because it had applied the money to pay workmen of the original contractor for work and labor done by them upon the job for the contractor, and for which he was liable to them. But when the defendant applied the money for that purpose, it had notice of the assignment of the contract to the plaintiff, and that the right to the money was vested in him. The contract in the hands of the assignee was, therefore, not affected by the payment of the money to the creditors of the assignor. But it is contended that the contract itself was not assignable, because "it contained a condition that it should be strictly non-transferable, and that neither of the contracting parties shall be permitted to assign or transfer the same, except by the consent of the majority of the board of supervisors."

The contention, however, is not predicated upon the record in the case, for the finding of the court below is that the board of supervisors consented to the assignment.

There is no error in the record. Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.