[S. F. No. 16650. In Bank. Apr. 29, 1942.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and HANS V. HANSEN et al., Respondents.

Donald Gallagher and Edmund J. Thomas, Jr., for Petitioner.

Everett A. Corten and Keith & Creede for Respondents.

CURTIS, J.—This is a proceeding to review an order of the Industrial Accident Commission denying an application for an adjustment of liability as between two insurance carriers furnishing workmen's compensation coverage for a general and special employer respectively.

There is no dispute as to the facts upon which this proceeding is predicated. An employee sustained injury in the course of his employment and was given an award. The general employer's carrier was Central Surety and Insurance Corporation, which received all compensation insurance premiums based on the earnings of said employee. The petitioner, State Compensation Insurance Fund, was the carrier for the special employer, whose payroll report did not include the injured workman's pay and whose corresponding premium payments to its carrier therefore did not cover this item. Upon authority of *American Motorists Insurance Co. v. Industrial Acc. Com.*, 8 Cal (2d) 585 [67 P. (2d) 103], and *Hartford Accident & Indemnity Co. v. Industrial Acc. Com.*, 8 Cal. (2d) 589 [67 P. (2d) 105], the two insurance carriers were held jointly and severally liable to the employee, and the respective employers were discharged. No question was raised by the parties interested as to the propriety of this award, but after it had become final petitioner applied to the commission for a "supplemental adjustment of obligations between carriers." The petitioner based its application upon the above mentioned disparity as to receipt of premiums by the carriers adjudicated responsible for the satisfaction of the award. Accordingly, it requested the commission to settle the respective rights of the insurance carriers in the premises by an appropriate order establishing the primary liability of

the Central Surety and Insurance Corporation for all payments due the employee under his award and requiring that company to reimburse the petitioner for all monies it had expended or might thereafter expend as disability indemnity or otherwise in accord with the terms of said award. After a hearing on this matter, the commission made its order denying the application on the ground that it lacked jurisdiction to determine such dispute between the two insurance carriers. Following the denial of its petition for a rehearing, petitioner applied to this court for a review of the supplemental proceeding had before the commission and for the annulment of the aforementioned order.

It is our opinion that the commission properly concluded that it is without jurisdiction to adjudicate a supplemental controversy involving rights of contribution and reimbursement between two insurance carriers jointly and severally responsible for the payment of a compensation award.

It is well settled that the Industrial Accident Commission is a tribunal of limited jurisdiction, with no powers beyond those conferred upon it by section 21 of article XX of the state Constitution and the provisions of the Workmen's Compensation, Insurance and Safety Act, now codified in the Labor Code. (§§ 3201 et seq.) That part of the section of the Constitution applicable to the consideration of the present situation reads as follows: "The legislature is hereby expressly vested with plenary power . . . to create, and enforce a complete system of workmen's compensation, by appropriate legislation, and in that behalf to create and enforce a liability on the part of any or all persons to compensate any or all of their workmen for injury or disability, and their dependents for death incurred or sustained by the said workmen in the course of their employment, irrespective of the fault of any party. A complete system of workmen's compensation includes . . . full provision for adequate insurance coverage against liability to pay or furnish compensation; full provision for regulating such insurance coverage in all its aspects . . . full provision for otherwise securing the payment of compensation; and full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial

justice in all cases expeditiously, inexpensively, and without encumbrance of any character. . . .'' Under this grant of power the Legislature created the Industrial Accident Commission and vested it with exclusive jurisdiction over all proceedings ''(a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto. (b) For the enforcement against the employer or an insurer of any liability for compensation imposed upon him by this division [of the Labor Code] in favor of the injured employee, his dependents, or any third person. . . .'' (Labor Code, § 5300.)

While petitioner concedes that the jurisdiction of the commission is limited to the settlement of disputes arising out of the relationship of the employer to his employee, it urges that once this status is established the commission has judicial power to determine any controversy whatsoever that may develop between parties in interest respecting the compensation awarded. Upon this basis the petitioner contends that its application for an adjustment of its obligation to make compensation payments falls within the scope and intent of the above quoted language of the constitutional provision referable to the insurance features of the ''system of workmen's compensation'' and the legislative enactment adopted in pursuance thereof. In support of its argument the petitioner first cites several decisions of this court wherein it was held that in determining the liability of an insurance carrier for compensation to an injured employee, the commission had the power to determine all issues of law and fact upon which the liability of the insurance carrier depended. (*Employers' Liability Assurance Corp., Ltd.* v. *Industrial Acc. Com.,* 177 Cal 771 [171 Pac. 935]; *Employers' Liability Assurance Corp., Ltd.* v. *Industrial Acc. Com.,* 179 Cal. 432 [177 Pac. 273]; *General Accident, Fire & Life Assurance Corp.* v. *Industrial Acc. Com.,* 196 Cal. 179 [237 Pac. 33]; *Bankers Indemnity Insurance Co.* v. *Industrial Acc. Com.,* 4 Cal. (2d) 89 [47 P. (2d) 719].) But in those cases the respective questions regarding the insurance aspect of the proceeding before the commission arose in connection with the rendition of an *award in favor of an injured employee or his dependents* and necessarily were involved in the enforcement of the compensation benefits contemplated under the basic liability of the employer to his employee. The present situation is readily distinguishable in that here the right of action in the employee to enforce his claim was finally determined by the

joint and several award in his favor against the insurance carriers which had assumed the obligations of the respective employers in the premises. By such award the employee was assured of the scheduled payments, and the employers were discharged from all liability therefor. This adjudication concluded the authority of the commission to act in the matter. Any controversy between the insurance carriers relative to the burden of payment of the award for which both have been held responsible concerns neither the employee nor the joint employers in their essential relationship. Application for the adjustment of such dispute obviously is not a proceeding *"for the recovery of compensation"* nor does it involve "any right or liability arising out of or incidental thereto." The fact that the petitioner has joined the employee as a nominal party in this proceeding cannot change the basic character of the litigation as an independent claim having no relation to the enforcement of the benefits *allowed the employee* under the system of workmen's compensation established in this state. The petitioner is seeking an award in *its* favor based on a claim wholly distinct from the right of the employee to recover compensation for an industrial injury. These considerations plainly indicate that the commission is not vested with constitutional or legislative power to determine the issues involved in a proceeding supplemental to the adjudication of the liability of the employer to his employee, and the petitioner must seek its relief in the ordinary courts established by and under section 1 of article VI of the state Constitution.

Closely analogous in legal principle to the present situation is the decision in *United States F. & G. Co.* v. *Superior Court,* 214 Cal. 468 [6 P. (2d) 243], involving the denial of a writ of prohibition sought by the insurance carrier to restrain the superior court from proceeding with the trial of an action brought by the employer against the carrier for the recovery of damages for breach of contract to issue workmen's compensation insurance. Because of this breach the employer in a proceeding before the Industrial Accident Commission instituted by the injured employee was held directly liable upon a compensation award and the insurance carrier was dismissed. This court rejected the contention of the petitioning insurance carrier that the matter had already been concluded by the commission's exercise of jurisdiction in the proceeding culminating in the compensation award and held that the employer's claim was a proper matter for decision

in the superior court. In distinguishing the dispute as one without the limited jurisdiction of the Industrial Accident Commission, this court stated at page 471: ''The cause of action.for damages does not involve the construction of an insurance policy with respect to coverage thereunder, the recovery of compensation or incidental liability or the enforcement against an insurance carrier of compensation liability; it attempts to set forth purely a claim for damages based upon the breach of a contract to insure in a controversy affecting only the employer and the insurance carrier, *no rights of the employee being involved.*'' (Italics ours.) Likewise here the controversy between the two insurance carriers as to an adjustment of obligations for the payment of compensation does not involve the rights of the injured employee, who under the terms of the award is assured the benefits due him regardless of the outcome of petitioner's claim for reimbursement based upon equitable considerations. Within the reasoning of the United States F. & G. Co. case, petitioner must invoke the aid of the regular courts of this state (Const., art. VI, § 1) for the determination of its rights in the premises.

Nor is the petitioner's position strengthened by its reference to the following general and special employment cases involving the commission's exercise of jurisdiction over questions of liability of the respective insurance carriers as to compensation coverage. Preliminarily it should be noted that in each of these instances the proceeding was instituted by the employee or his dependent and the insurance issue arose in the course of the commission's *measurement of the rights of the claimant* against the joint employers and the insurance carriers which stood in privity with them. The first of these cases is *Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com.,* 190 Cal. 97 [210 Pac. 628], wherein this court upheld an award which dismissed the insurer of the special employer and assessed liability solely against the insurer of the general employer. In so acknowledging the power of the commission to choose between the insurance carriers on the basis of arrangements made by the employers for insuring the compensation risks of their employees, this court stressed the fact that the general employer was required by his agreement with the special employer to pay premiums on the risks at issue and was entitled to reimbursement therefor from the special employer. Although such adjudication, requiring the insurance carrier which received the premiums for the com-

pensation coverage to satisfy the award *in favor of the employee,* redounded to the benefit of the exonerated carrier, the commission did not undertake to decide the equities existing between the insurance companies in the course of making an award in favor of one against the other. Rather this insurance adjustment resulted solely from the limitation enforced against the widow of the deceased employee in *her right to recover compensation* and so was within the jurisdiction of the commission in its determination of a dispute arising out of the employer-employee relationship.

Then in *American Motorists Insurance Co.* v. *Industrial Acc. Com.,* 8 Cal. (2d) 585 [67 P. (2d) 103], this court expressly overruled the doctrine of the Federal Mutual Liability Ins. Co. case as to the rights of the employee against the insurance carriers of his joint employers and affirmed an award in favor of the employee against the insurers of both the general and special employer even though the employers had agreed that the injured party should be carried on the payroll of the general employer for the purpose of computing compensation insurance premiums. The abandonment of the earlier view restricting the employee's rights with respect to a joint recovery was predicated upon the observation that it was against the intent and spirit of the Workmen's Compensation Act to allow an agreement between joint obligors to diminish the remedy of the employee. The necessity for a separate settlement of the equities existing between the insurance carriers in regard to the question of which should assume the burden of liability under the terms of the award was recognized in the following statement at page 588: "Since both employers are discharged, as between insurance companies, equity and fair dealing certainly demand that payment be made by the company which received the premium for the coverage. But that is a matter to be settled between the insurance carriers, if necessary in an *independent suit.*" (Italics ours.) This precise phraseology is significant in that the words "independent suit" plainly suggest an action in the regularly constituted courts of this state rather than a supplemental proceeding before the Industrial Accident Commission, whose limited jurisdiction was exhausted upon making the compensation award determinative of the rights of the employee against the two insurance carriers for his respective employers.

This principle of the American Motorists' decision was reiterated in a companion case, *Hartford Accident & Indem-*

*nity Co.* v. *Industrial Acc. Com.,* 8 Cal. (2d) 589 [67 P. (2d) 105], wherein it was held that the commission's discharge of the compensation carrier for the special employer, because the latter did not include the employee on its premium list while the general employer did, was improper. Bearing pertinently upon the question of the proper tribunal for the presentation of such a claim as petitioner here asserts is the following excerpt from that opinion, at page 591, affirming the propriety of a joint and several compensation award in favor of an employee in a general and special employment case: ''There is, however, a question as to whether the petitioner [the insurance carrier for the general employer] is entitled to object to the erroneous discharge of the insurance carrier for the special employer. While it is obvious that one employer cannot object if the injured employee does not proceed against a second employer who is jointly and severally liable with him, we think the rule should be different where both employers are brought before the commission and the award erroneously discharges one instead of making a joint and several award against both, since the relative rights of the employers may well be affected by a determination that only one of them is responsible for compensation to the employee. The right of contribution between joint obligors depends upon the satisfaction of more than a fair share of the claim against all. The erroneous discharge by award of the commission of an employer who has a joint and several obligation to pay compensation is a determination by a competent tribunal that the obligation is not joint, an issue which was properly before it for determination in a proceeding to which both were parties. Such a determination if not operative as *res judicata* in a *subsequent suit* between the employers, or their insurers, for contribution or reimbursement according to contract, would at least be competent evidence. (See 1 Freeman on Judgments, page 922; 15 Cal. Jur. 184.) It is, moreover, a question within the exclusive jurisdiction of the Industrial Accident Commission and since that tribunal need not rigidly adhere to rules of pleading and practice, the petitioner should be allowed to make the objection.'' (Italics ours.)

Thus again is recognized the exclusive jurisdiction of the commission to determine any issues related to the *enforcement of liability against the insurance carriers for the payment of compensation to the employee,* and accordingly the objection of one joint obligor to the erroneous discharge of

the other is properly raised in that forum as a protective measure in the event it decides to invoke the ordinary process of the courts in the establishment of any claim for contribution or reimbursement by reason of its obligation to satisfy the industrial award. However, no more under the theory of the Federal Mutual Liability Ins. Co. case than under the reasoning of the two later cases was the commission empowered to make an independent adjustment of any equities between the insurance carriers by an adjudication separate and apart from an award in favor of the employee or those asserting his rights. The fundamental object of the "system of workmen's compensation" established in this state is the provision of a means for the prompt settlement of the employee's claim against his employer or the responsible insurance carrier. The disposition of disputes between insurance carriers independent of the enforcement of the liability of the employer to his employee is plainly not within the jurisdiction of a tribunal created for the purpose of affording compensation benefits to workmen for injuries sustained in their industrial employment. To extend the commission's jurisdiction to include such extraneous and collateral controversies not only would delay and impede the efficacious settlement of employer-employee claims, but likewise would be wholly at variance with the declared social public policy of this state to accomplish substantial justice in all cases of the specified class "expeditiously, inexpensively, and without encumbrance of any character." It therefore follows that the adjustment of petitioner's obligation is beyond the judicial power conferred upon the Industrial Accident Commission by the constitutional provision and the pertinent legislation enacted thereunder, as above noted, and that such claim for reimbursement is a proper matter for litigation through an "independent suit" in the regularly constituted courts. (Const., art. VI, § 1.)

The order is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.