[Civ. No. 13891. First Dist., Div. Two. Feb. 1, 1949.]

STATE COMPENSATION INSURANCE FUND et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, MYLES J. ATEN et al., Respondents.

Donald Gallagher and Royle A. Carter for Petitioners.

T. Groezinger and John A. Rowe, Jr., for Respondents.

GOODELL, J.—State Compensation Insurance Fund, petitioner herein, was the insurance carrier of the petitioner D. D. Dunlap, who was the employer of respondent Myles J. Aten. Respondent Aten suffered compensable injuries while in Dunlap's employ and his application for compensation came before the respondent commission and was settled for the most part before respondent Riedman came into the case as Aten's attorney. On August 21, 1947, a rating was made of permanent disability of 21¾ per cent, which the insurance carrier accepted, and on September 4, 1947, it made payment to the employee of all permanent disability indemnity then accrued amounting to $1,306.25, and continued to make payments in accordance therewith. There was no attorney representing the employee up to that time. Thereafter the employee applied for adjustment of compensation, and on October 22, 1947, a hearing was had thereon. On that application and hearing the employee was represented for the first time by his attorney, respondent Riedman. At that time all temporary disability compensation had been paid and all permanent disability compensation had been paid except $225, which was not then due. The order required these installments to be paid semimonthly. On October 24, 1947, the insurance carrier paid the employee $100 and on November 24, 1947, the remaining $125.

Although the last hearing was held on October 22, 1947, the findings and award were not filed until January 26, 1948. The award is for "$225.00, payable forthwith, together with interest as provided by law, less the sum of $35.00 payable to Fred M. Riedman as attorney's fees." It is dated January 26, 1948, and does not purport to speak as of any earlier date.

It thus appears from the admitted facts that the fund's

obligation had been paid in full on November 24, 1947, or two months before the filing of the findings and award.

On February 16, 1948, 21 days after the award, the fund filed a "petition to reopen to amend findings and award" accompanied by a petition for rehearing bringing to the attention of the commission the facts just recited and praying for a correction in the findings and award to show that it had already paid the award in full. This was denied. On April 19, the fund petitioned for a rehearing of the last mentioned order to accomplish the same results. That petition was likewise denied.

The fund thus found itself subject to an award to pay *for the second time* $225, of which $35 was to be paid the employee's attorney.

The fund's position in this case is that the action of the commission in thus ordering the payment to be made twice is beyond its jurisdiction and should be annulled.

In its petition to reopen, the fund clearly set forth that the payments in full had been made after the informal award and that the formal award did not increase the informal one, and its prayer was that the matter be reopened and that amended findings and award be made "finding that the full sum of the informal award had been paid prior to the issuance of the Findings and Award, and that there remained nothing due, as there was no increase, under the award to be paid or against which a lien for attorney fees could attach." The second petition for rehearing was just as explicit as the first petition had been, and in addition to the petition the fund filed points and authorities.

The repeated refusal of the commission to reopen the case left the fund confronted with an incipient judgment (Lab. Code, § 5806; *Pacific Ind. Co.* v. *Industrial Acc. Com.,* 202 Cal. 521 [261 P. 987]) requiring it to pay twice, on which judgment an execution could have issued immediately. The fund was clearly entitled to relief from such a situation even though the award had not yet become a judgment. Section 5809, Labor Code, provides that "When a judgment is satisfied in fact, otherwise than upon an execution, the commission may, upon motion of either party or of its own motion, order the entry of satisfaction of the judgment . . ."

In the ordinary case a judgment debtor having paid off an award would be entitled to an order of the commission that the judgment be satisfied. This petitioner is entitled to no less than that.

824

■ The principal dilemma which is now presented is as to the payment of the $35 attorney's fee. Counsel for the commission have not suggested any way in which this can now be ordered. The commission has no jurisdiction to make an order for an attorney's fee by way of what might be called a "personal judgment" against an insurance carrier. It has no powers beyond those conferred by the Constitution and the Labor Code (*State Compensation Insurance Fund* v. *Industrial Acc. Com.*, 20 Cal.2d 264 [125 P.2d 42]). ■ Its only power under section 4905 is to order such payment out of "unpaid compensation due *at the time of service of the award*" (emphasis added) and to impress such award with a lien therefor. "The lien is wholly incidental to the principal award." (*Pacific Employers Ins. Co.* v. *French*, 212 Cal. 139 [298 P. 23].) There is no longer any fund in the hands of the petitioner upon which such lien may be impressed—no money which can now be "intercepted" (*North Pacific S. S. Co.* v. *Industrial Acc. Com.*, 174 Cal. 500, 504 [163 P. 910]) for it has all been paid to the employee. Had the respondent attorney filed a written notice (Lab. Code, § 4904, and rule 10840) the situation might have been different, but no such notice was filed and no informal order was made for the withholding or impounding of sufficient money to meet an attorney's fee to be later fixed. We are not called on to do more than pass upon the problem as it now exists.

The commission cites *Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 478, 481 [41 P. 328] and *Leavitt* v. *Gibson*, 3 Cal.2d 90, 104 [43 P.2d 1091], to the point that where the entry of findings and judgment is delayed, they speak, when finally made, as of the time of submission. Neither of those cases helps the commission, since in each of them the party died after the case had been tried and before findings and judgment were entered. It was held that when finally entered, justice required that they should relate back to the time of submission. In the instant case the findings and award were not made *nunc pro tunc* as of the time of the last hearing, or submission, but even if they had been, under the reasoning of *Grand Union Hotel* v. *Industrial Acc. Com.*, 67 Cal.App. 123 [226 P. 928] the fund would have been permitted to make a supplemental showing to establish the fact of the payment of the award in the interim.

■ The rights of the parties will be satisfied by an amended order as provided by section 5805, Labor Code, setting forth the facts just as they exist, that is to say, reciting

that the $225 was paid in full by the fund to the employee in two installments on the dates on which the fund shall prove them to have been paid, and reciting that, for this reason, no money now remains in the hands of the fund upon which a lien for attorney's fees can be impressed. This will carry out the intent of section .5809, Labor Code.

The award is annulled with directions to the commission to enter such order.

Nourse, P. J., and Dooling, J., concurred.