[Sac. No. 6262. In Bank. June 10, 1952.]

CALIFORNIA-WESTERN STATES LIFE INSURANCE COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and CELESTINO AGUILAR, Respondents.

Sidney L. Weinstock, H. Harold Leavey and J. Richard Glade for Petitioner.

Edmund J. Thomas, Jr., Robert Ball and T. Groezinger for Respondents.

SCHAUER, J.—Petitioner, carrier of employer's unemployment disability insurance under a voluntary plan (Unemployment Insurance Act, 3 Deering's Gen. Laws, Act 8780d, art. 10, pt. 6) seeks review of an award of the Industrial Accident Commission which denies petitioner's claim for a lien against the State Compensation Insurance Fund, carrier of the employer's workmen's compensation insurance. The commission concedes, as it must, that its original order denying the lien was beyond its jurisdiction because contrary to *Bryant v. Industrial Acc. Com.* (1951), 37 Cal.2d 215 [231 P.2d 32]. Before the original order became final the workmen's compensation insurance carrier paid the entire amount of compensation to the employe; the Industrial Accident Commission then granted a rehearing. The commission takes the position that although petitioner's lien claim against the workmen's compensation insurance carrier should have been allowed it has now been lost because the latter carrier, before the original order had become final, paid out the compensation against which the lien should have been allowed. We cannot sustain this position.

The particular facts which gave rise to this controversy are as follows: On October 3, 1949, Celestino Aguilar sustained an injury which arose out of and in the course of his employment and which resulted in disability. The State Fund, work-

men's compensation insurance carrier for the employer, paid Aguilar temporary disability compensation until March 31, 1950, then discontinued payments because of a dispute as to the nature and extent of disability. On April 19, 1950, Aguilar filed with the Industrial Accident Commission an application for adjustment of claim and, on the same date, petitioner commenced paying Aguilar unemployment compensation disability benefits of $25 a week.

Petitioner, with Aguilar's consent, requested the Industrial Accident Commission to allow a lien against any award of workmen's compensation. A copy of the request for and consent to allowance of lien was served on the State Fund on May 24, 1950, and filed on May 29, 1950. On October 10, 1950, the Industrial Accident Commission awarded Aguilar $1,050 permanent partial disability compensation ($30 a week for 35 weeks commencing April 9, 1950) less $60 as a fee for Aguilar's attorneys, and denied petitioner's request for allowance of a lien. The denial of lien was based on the commission's announced policy to deny liens for unemployment compensation disability benefits against permanent disability compensation; the question whether such policy could be upheld was then pending on review in the Bryant case. The State Fund paid Aguilar the $1,050 on October 26, 1950. On October 30 an application for rehearing was filed. The Industrial Accident Commission granted a rehearing and withheld action pending final disposition of the Bryant case. After the Bryant decision (*supra*, 37 Cal.2d 215), the Industrial Accident Commission issued its decision in this case; it allowed petitioner's claim of lien against Aguilar but denied its claim against the State Fund.

As stated above, the Industrial Accident Commission concedes that under the Bryant case its decision on October 10, 1950, was in excess of its jurisdiction, but contends that nevertheless the petitioner is unable to claim a lien against the workmen's compensation insurance carrier. The Industrial Accident Commission relies on several Labor Code provisions. Section 5903 provides that within 20 days after service of an Industrial Accident Commission award a person aggrieved may attack it by petition to the Industrial Accident Commission for reconsideration. Section 5950 provides that within 30 days after disposition of a petition for reconsideration, or reconsideration on the Industrial Accident Commission's own motion, any person affected by the award may seek review by the District Court of Appeal or this court. Section 5302

provides that Industrial Accident Commission awards are "prima facie lawful and conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside" within the time and manner provided by law. Section 3603 provides that payment of compensation in accordance with the order of the Industrial Accident Commission discharges the employer from all claims therefor.

In the present action the award of workmen's compensation was paid by the State Fund on the 16th day after the award was made, and the petition for rehearing was filed on the 20th day. The Industrial Accident Commission argues that its award was presumed valid until attacked (Lab. Code, § 5302), that no attack had been made as of the 16th day, and that the payment by the State Fund thus relieved the latter from liability (Lab. Code, § 3603). ■ Petitioner contends that an erroneous award cannot be saved by payment by the workmen's compensation insurance carrier before the award becomes final. Petitioner's argument is sound. ■ Under section 5302 any award is completely immune from collateral attack after the 20th day, even though in excess of the jurisdiction of the Industrial Accident Commission. The policy underlying this rule is that it assures workmen that the awards are paid speedily and with certainty. (*Thaxter* v. *Finn* (1918), 178 Cal. 270, 275 [173 P. 163].) ■ But section 5302 cannot have been intended to prevent effective reconsideration by the commission or review by the courts of awards which erroneously deny lien claims. If the section were given the effect for which the commission contends, then the commission (by denying liens) and the workmen's compensation insurance carrier (by immediately paying awards to impecunious claimants) could nullify the legislative intent which was pointed out and upheld in the Bryant decision (*supra,* 37 Cal.2d 215, 219: an unemployed workman should not receive workman's compensation and unemployment benefits for the same period of disability) in every case wherein a claim of lien for unemployment benefits has been established before the Industrial Accident Commission.

■ Finally, the Industrial Accident Commission asserts that it cannot order the State Fund to pay the amount of the lien to petitioner because, by statute, the commission can allow the lien only against "any amount to be paid as compensation" (Lab. Code, § 4903) ; the commission argues that, after the October 26th payment by the State Fund, there was no "amount to be paid as compensation" upon which the lien

could be impressed. This argument assumes that the award was properly paid by the State Fund. Since the State Fund illegally paid the compensation award after notice that petitioner claimed a lien, the State Fund remains liable to the petitioner. (See *Johnson* v. *Industrial Acc. Com.* (1935), 2 Cal.2d 304, 307 [40 P.2d 518].)[1] In similar situations it is uniformly held that a debtor pays his creditor at his peril after notice of garnishment or assignment. (See *Bliss* v. *California Cooperative Producers* (1947), 30 Cal.2d 240, 250 [181 P.2d 369, 170 A.L.R. 1009]; *Finch* v. *Finch* (1909), 12 Cal.App. 274, 280 [107 P. 594]; *In re Kling* (1919), 44 Cal.App. 267, 270 [186 P. 152].)

For the reasons above stated the award after rehearing is annulled and the cause is remanded to the Industrial Accident Commission for proceedings in accord with this opinion.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I dissent.

The majority opinion in this case is predicated on *Bryant* v. *Industrial Acc. Com.*, 37 Cal.2d 215 [231 P.2d 32] (see, also, *Aetna Life Ins. Co.* v. *Industrial Acc. Com.*, 38 Cal.2d 599 [241 P.2d 530]) and for the reasons expressed in my dissenting opinion in that case, I cannot agree that a lien is allowable here.

---

[1]*Cf. State Comp. Ins. Fund* v. *Industrial Acc. Com.* (1949), 89 Cal. App.2d 821, 824 [202 P.2d 86]. There an application for compensation came before the commission, and the compensation insurance carrier accepted the commission's permanent disability rating and commenced to make installment payments as ordered. The employe then applied for adjustment of compensation. A hearing was had on October 22, 1947, when the employe for the first time was represented by an attorney. On October 22, $225 in permanent disability as originally rated remained to be paid. Findings and award were not filed until January 26, 1948; meanwhile the insurer, pursuant to the original rating, had paid the $225. No claim of lien by the attorney was on file. The January 26 award purported to require the insurer to pay $225 less $35 payable as attorney's fees. The District Court of Appeal concluded that the commission could not require the insurer to pay an independent award of $35 to the attorney. It expressly pointed out that it was not passing on the situation where a written notice of lien claim was on file.