Opinion
HOLLENHORST, Acting P. J.
In this matter we are called upon to determine the propriety of the decision by the Workers’ Compensation Appeals Board (Board) to exercise jurisdiction over a disagreement concerning contribution rights and obligations among five members of a public joint powers agency where the injured worker was employed by the agency. We hold that the Board has no such jurisdiction.
Facts of the Case
Victor Valley Transit Authority (VVTA) is a joint powers agency created pursuant to Government Code section 6500 et seq. The members of VVTA are the County of San Bernardino and the Cities of Victorville, Adelanto, Hesperia, and Apple Valley. The purpose of VVTA, which was formed in 1989, was to serve as a central organizing instrument for public transit services in the High Desert area.[1]
The joint powers agreement signed by the parties expressly confers upon VVTA the power to make contracts in its own name, a power which is also recognized by statute. (Gov. Code, § 6508.) The parties to the joint powers agreement expressly declined individual liability for the VVTA’s acts, including the payment of wages or workers’ compensation benefits. *1071 VVTA eventually entered into an employment contract with James Sophy (Sophy) under which Sophy was to serve as VVTA’s transit manager. Sophy eventually filed a claim for workers’ compensation benefits. The Board found that he had suffered disability arising from his employment, and was entitled to certain benefits.[2]
The original opinion on decision of the workers’ compensation judge found the employment status of Sophy vis-á-vis VVTA’s member agencies (or at least some of them) to be murky, but ruled that he was at least an employee of VVTA. As Sophy had been carried on the payroll of the City of Adelanto, it was also ruled that Adelanto’s workers’ compensation carrier, State Compensation Insurance Fund (SCIF), would be “designated to provide benefits in the interim without prejudice to their right to seek contribution.”
After lengthy further proceedings, Adelanto and SCIF filed a “Petition for ' Contribution and Change of Benefits Administrator” in which they asserted that the evidence had shown that employees of the City of Victorville had provided all the stress which led to Sophy’s disability, and that Victorville should accordingly take over primary responsibility.[3]
This petition led eventually to the rulings challenged here.[4] The most significant ruling was that the Board, through the workers’ compensation judge, had jurisdiction to construe the joint powers agreement and determine the parties’ respective rights and obligations pursuant to that agreement. In the purported exercise of this jurisdiction, the workers’ compensation judge ruled that SCIF had a right of contribution from the member agencies, and jurisdiction to resolve the details of the dispute was reserved pending efforts by the parties to do so informally. These rulings were upheld by the Board and the instant petitions followed.
*1072 Discussion
Article XIV, section 4 of the California Constitution vests the Legislature with “plenary power” to “create, and enforce a complete system of workers’ compensation, by appropriate legislation, and ... to create and enforce a liability on the part of any or all persons to compensate any or all of their workers for injury or disability.” The Legislature is also authorized to create an administrative body (i.e., the Board) “to determine any dispute or matter arising under such legislation. . . .” (Ibid.) Pursuant to this grant of power, the Legislature enacted Labor Code section 5301, formally describing the Board’s jurisdiction and vesting it “with full power, authority and jurisdiction to try and determine finally all the matters specified in Section 5300.” Labor Code section 5300, in turn, provides that the Board has exclusive jurisdiction (i.e., to the exclusion of the courts, except for purposes of review) over proceedings “[f|or the recovery of compensation, or concerning any right or liability arising out of or incidental thereto. [¶] . . . For the enforcement against the employer or an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee. . . . [¶] . . . [¶] For the determination of any other matter, jurisdiction over which is vested by Division 4 in the Division of Industrial Accidents.”[5] (Italics added.)
As a creature of the Legislature, the Board has no powers beyond those conferred on it. (State Comp. Ins. Fund v. Ind. Acc. Com. (1942) 20 Cal.2d 264, 266 [125 P.2d 42]; State Comp. Ins. Fund v. Ind. Acc. Com. (1949) 89 Cal.App.2d 821, 824 [202 P.2d 86].) The issue before us is whether the Legislature has conferred on the Board the jurisdiction to decide an issue of contract interpretation between parties to what is, roughly speaking, the governmental version of a joint venture.
At first blush, State Comp. Ins. Fund v. Ind. Acc. Com., supra, 20 Cal.2d 264[6] appears to answer the question firmly in the negative. In that case, the injured worker was characterized as the “general employee” of one employer, and the “special employee” of another. An award was rendered in favor of the employee against the insurance carriers for both employers. Later, one insurer applied to the Commission for a “supplemental adjustment of obligations between carriers.”
The Supreme Court held that the Commission properly found that it had no jurisdiction over the dispute. Distinguishing earlier cases which involved *1073 the basic rendition of an award in favor of the employee (or his dependents) and the enforcement of compensation benefits, the court pointed out that the case before it involved only a dispute between carriers. “[T]he right of action in the employee to enforce his claim was finally determined by the joint and several award in his favor. ... By such award the employee was assured of the scheduled payments. . . . Any controversy between the insurance carriers relative to the burden of payment of the award for which both have been held responsible concerns neither the employee nor the joint employers in their essential relationship.” (State Comp. Ins. Fund, supra, 20 Cal.2d at pp. 267-268; see also United States F. & G. Co. v. Superior Court (1931) 214 Cal. 468 [6 P.2d 243], in which the superior court was held to have jurisdiction over a dispute between an employer and an insurer when the employer claimed damages for breach of a contract to provide workers’ compensation coverage.)
Here, as in State Comp. Ins. Fund, supra, 20 Cal.2d 264, the dispute has nothing to do with Sophy’s receipt of benefits; the Board’s previous award, now final, ensures that someone will pay. Sophy is not concerned with whom, and neither, it is argued, is the Board.
However, in Colonial Ins. Co. v. Industrial Acc. Com. (1946) 29 Cal.2d 79 [172 P.2d 884] (Colonial), the Supreme Court gave its apparent approval to a procedure notably similar to that which it had rejected four years earlier in State Comp. Ins. Fund, supra, 20 Cal.2d 264. Colonial, supra, 29 Cal.2d 79 dealt not with joint employers/carriers and a specific injury, as did the earlier case, but with successive insurance carriers in a cumulative injury situation. The net holding of Colonial was that although the employee could choose to join only one of his employers and a single carrier, and then receive an award against only that employer and carrier, the Commission (now the Board) had the jurisdiction to apportion the final responsibility among the several carriers in a later proceeding.[7] (Colonial, supra, 29 Cal.2d at p. 86.)
The Supreme Court in Colonial, supra, 29 Cal.2d 79, did not overrule or otherwise expressly limit State Comp. Ins. Fund, supra, 20 Cal.2d 264. The later case does not even cite the former. Thus, the earlier case still appears to be good law on the point of the Board’s lack of jurisdiction to determine apportionment disputes between joint employers in a specific injury case.
Although Colonial, supra, 29 Cal.2d 79, appears to be inconsistent with State Comp. Ins. Fund, supra, 20 Cal.2d 264, insofar as the later case allows *1074 the Board to decide a dispute which has no effect on the employee, the Legislature’s subsequent actions have approved the result. However, the Legislature has not expanded on the decision.
In 1951 the Legislature added section 5500.5 to the Labor Code to codify Colonial, supra, 29 Cal.2d 79. (See City of Torrance v. Workers’ Comp. Appeals Bd. (1982) 32 Cal.3d 371, 374 [185 Cal.Rptr. 645, 650 P.2d 1162].) In Labor Code section 5500.5, subdivision (a), the statute establishes a time limit on liability for multiple employers in cumulative injury or occupational disease cases; for claims filed after January 1, 1981, only those employers for whom the employee worked during the one year preceding the date of injury are liable for benefits.[8] Consistent with Colonial, supra, 29 Cal.2d 79, Labor Code section 5500.5, subdivision (c) permits the employee to select one employer from whom to seek benefits. Labor Code section 5500.5, subdivision (e) provides that “any employer held liable under the award may institute proceedings before the appeals board for the purpose of determining an apportionment of liability or right of contribution. The proceeding shall not diminish, restrict, or alter in any way the recovery previously allowed the employee, or his or her dependents, but shall be limited to a determination of the respective contribution rights, interest or liabilities of all the employers joined in the proceeding, either initially or supplementally.” Thus, multiple employers of an employee who has suffered an occupational disease or cumulative injury can litigate apportionment and contribution before the Board. Multiple employers of an employee who suffers a specific injury cannot. (State Comp. Ins. Fund, supra, 20 Cal.2d 264.) Presumably this is true even if the worker is performing services for more than one employer at the time of the injury.
It is not entirely clear why the Legislature limited the effect of Labor Code section 5500.5’s grant of jurisdiction to cumulative or occupational disease cases. It may be that the Legislature focused on such cases because they are relatively more numerous than cases in which more than one employment leads to a single, specific injury. However, it is also true that there is commonly a fundamental distinction between cases involving successive employers—as in the typical occupational or cumulative disease situation— and those involving joint employers.
When the Board is called upon to decide an issue under Labor Code section 5500.5 involving successive employers, the focus is simply on whether the employee was exposed to injurious conditions in his various *1075 employments. If so, the apportionment becomes largely arithmetical. (See 2 Cal. Workers’ Compensation Practice (Cont.Ed.Bar 4th ed. 2000) Supplemental Proceedings, § 23.57, pp. 1443-1444.) However, if there are overlapping employments, such as the general and special employment involved in State Comp. Ins. Fund, supra, 20 Cal.2d 264, the rights and obligations of the employers inter se will commonly be governed by contract. In these cases, the issues to be resolved may fall well outside the Board’s specialized area of expertise, and jurisdiction would be appropriately withheld.
This case represents a perfect example of the problem. The Board has made an initial finding of liability among the members of WTA and will, if they cannot agree, make an apportionment or other order for contribution, adjusting the member agencies’ rights among themselves. Yet the members have established their rights and obligations through a formal agreement adopted pursuant to the Government Code. With all due respect, it cannot be supposed that the Legislature intended that the Board’s specialized jurisdiction should extend to the interpretation of such a contract.
It is true that the grant of power contained in Labor Code section 5500.5 is not expressly limited to cases of successive employment, although this circumstance is commonly assumed to be contemplated by the statute. (See, e.g., City of Torrance v. Workers’ Comp. Appeals Bd., supra, 32 Cal.3d at p. 375; 2 Hanna, Cal. Law of Employee Injuries and Workers’ Compensation (rev. 2d ed., Tancor ed. 2000) Supplementary Proceedings, § 31.13[2][a], pp. 31-37.) However, in our view the Legislature cannot have intended that the Board should have jurisdiction over a purported “contribution” in the situation before us.[9]
 Furthermore, despite the expansions authorized by Labor Code section 5500.5, our reluctance to recognize the Board’s jurisdiction is entirely consistent with the *1076 constitutional limitation on its powers. We stress again that the Legislature was empowered to create a system “to create and enforce a liability on the part of any or all persons to compensate any or all of their workers for injury or disability.” (Cal. Const., art. XIV, § 4.) That liability (towards Sophy) has been determined and an enforceable order of primary responsibility is final.
The Board’s error may also be addressed in another way. Whether the scope of Labor Code section 5500.5 extends to joint employers or not, it is apparent that the Labor Code only considers contribution in the context of multiple employers. Here, there is in fact only one employer and the concept of contribution as such does not apply.
In his first set of findings, the workers’ compensation referee found that Sophy was an employee of “the joint venture,” or VVTA, although he also inconsistently referred to plural “employers.” His second set of findings also refers to employment by “the joint venture.” This is clearly a correct finding.[10]
 A joint venture is a distinct entity virtually identical to a partnership, and capable of contracting—that is, acquiring obligations—in its own name. (See Corp. Code, § 16201 [“A partnership is an entity distinct from its partners.”]; 9 Witkin, Summary of Cal. Law (9th ed. 1989) Partnership, § 17, pp. 415-417.) Although joint venturers and partners are jointly and severally liable to third parties for the obligations of the joint venture or partnership (Corp. Code, § 16306), the partners are free to allocate responsibility among themselves as they see fit. (Advising California Partnerships (Cont.Ed.Bar 3d ed. 2000) Planning a General Partnership, § 4.23, p. 123, citing Corp. Code, §§ 16103, subd. (b) & 16401.)
VVTA, which is in the nature of a public joint venture, has the same distinctness in law and the same power to contract in its own name, for example to employ workers. (Gov. Code, §§ 6507-6508.) It did so contract with Sophy. The issue in the case at this point is not whether Sophy can enforce the liability against the member agencies. The question is how the agencies agreed among themselves to bear any liability for workers’ compensation benefits due employees of VVTA or to secure the payment through insurance, and whether any such agreement has been breached.
We hold that Labor Code section 5500.5 does not confer jurisdiction on the Board to resolve the dispute among VVTA’s member agencies, and the Board has no inherent power to do so.
This conclusion moots the objection by the County of San Bernardino that it has been deprived of the opportunity to litigate the issues of liability and *1077 employment, and that VVTA did not represent its interests. We note that, as a rule, in contribution proceedings the parties who were not the subject of the primary proceedings are free to conduct discovery and litigate the issues of liability. (See Rex Club v. Workers’ Comp. Appeals Bd. (1997) 53 Cal.App.4th 1465, 1472 [62 Cal.Rptr.2d 393].) However, this issue, like those of collateral estoppel and res judicata, must await the attention of the appropriate court of law if the parties cannot resolve their dispute among themselves.
Finally, VVTA complains that the Board erred in refusing to refer the remaining issues to binding arbitration pursuant to Labor Code section 5275. That section states that specified disputes “shall be submitted for arbitration,” and among the disputes are “Insurance coverage” and “Right of contribution in accordance with Section 5500.5.” (Lab. Code, § 5275, subd. (a)(1), (2).) As we have explained, any issues of “contribution” are not within the Board’s jurisdiction under Labor Code section 5500.5, and this disposes of the arbitration question. As for “coverage,” this issue is not appropriate for arbitration under the Board’s practices for the same reason that contribution is not. As we understand the matter, there is no question that the policy issued by SCIF to the City of Adelanto may properly be resorted to as a source of payment to Sophy. Whether any other policies also arguably apply is subsumed within the question of the rights and obligations of the member agencies as against each other, and this is not a question which the Board may decide. Accordingly, the refusal to order arbitration, at least, was correct.
The order under review is annulled. The matter is remanded for such further proceedings as may be necessary in the case, but with directions to decline jurisdiction over contribution or indemnity issues. Petitioners to recover their costs.
Richli, L, and Gaut, L, concurred.
On October 11, 2000, the opinion was modified to read as printed above. The petition of respondent State Compensation Insurance Fund for review by the Supreme Court was denied December 13, 2000.

The joint powers agreement names the authority the “Victor Valley Transit Services Authority.” At some point irrelevant to this case the word “Services” appears to have been dropped.

This decision was challenged in a petition for writ of review entitled City of Victorville v. Workers’ Comp. Appeals Bd. (E023309) (nonpub. opn.). This court denied the petition on September 26, 1998, and the decision is therefore final. Sophy’s medical expenses in particular were, or are, extremely high; inter alia, he required a liver transplant as the result of a work-related exacerbation of an underlying illness.

At this time, the only defendant parties clearly still in the case were VVTA and the Cities of Victorville and Adelanto; Hesperia and Apple Valley had earlier been dismissed, while the status of the County of San Bernardino was unclear. However, all parties were eventually joined.

Separate petitions were filed by VVTA (case No. E026534) and the County of San Bernardino (case No. E026558). We ordered the cases consolidated under the former number. The City of Hesperia joined in VVTA’s petition.

The Industrial Accident Commission (Commission) was the predecessor of the Workers’ Compensation Appeals Board.

All subsequent references to a case of this title are to the Supreme Court case (hereinafter referred to as State Comp. Ins. Fund), not the Court of Appeal case cited in the preceding paragraph.

See also Royal Globe Ins. Co. v. Industrial Acc. Com. (1965) 63 Cal.2d 60, 61 [45 Cal.Rptr. 1, 403 P.2d 129], which applies Colonial, supra, 29 Cal.2d 79, to the analytically identical situation of successive employers rather than simply successive carriers and a single employer.

As originally enacted, the statute imposed liability on the worker’s employers within five years preceding the date of injury. In 1977 it was amended to reduce the period.

Respondent SCIF relies on Lucky Stores, Inc. v. Workers’ Comp. Appeals Bd. (1995) 60 Cal.Comp.Cases 119 (Lucky Stores, Inc.) (writ den.). We note that “writ denied” summaries published in the California Compensation Cases are properly citable, as are Board panel decisions, although unpublished appellate opinions contained in the same source are not. (See Cal. Rules of Court, rule 977.) The summaries and decisions which are citable are accepted “to the extent that they point out the contemporaneous interpretation and application of the workers’ compensation laws by the Board.” (Smith v. Workers’ Comp. Appeals Bd. (2000) 79 Cal.App.4th 530, 537, fn. 2 [94 Cal.Rptr.2d 186].) However, they have no stare decisis effect on the appellate court. (Ibid.)
In Lucky Stores, Inc., supra, 60 Cal.Comp.Cases 119, the Board determined that it had jurisdiction to consider the petition by employer No. 2 for contribution from employer No. 1 although the worker had suffered two specific injuries and Labor Code section 5500.5 clearly did not apply. The Board nevertheless found that it had jurisdiction under the language in Labor Code section 5300, which we have quoted above. In our view, this decision ignores the controlling effect of State Comp. Ins. Fund, supra, 20 Cal.2d 264 and the effect of the limited language of Labor Code section 5500.5. Accordingly, we do not find it persuasive.

The parties, or some of them, object to the term “joint venture.” However, we think the ccncept is appropriate and helpful.