[S. F. No. 14346. In Bank.—December 23, 1931.]

UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

George A. Work and Horace W. B. Smith for Petitioner.

Edward J. Lynch for Respondents.

A. I. Townsend and Edward O. Allen, *Amici Curiae.*

PRESTON, J.—Petition for writ of prohibition to forever restrain respondent court from proceeding with the hereinafter described action.

On April 17, 1929, an employee of Dutton Dredge Company sustained an industrial injury and in a proceeding before the Industrial Accident Commission, in which both petitioner and said employer were defendants, procured a compensation award against the employer. In said proceeding the defendants filed separate answers presenting the issue of whether petitioner was at the time of said injury the compensation insurance carrier for the employer and upon this issue the commission found that petitioner was not then the insurance carrier for the employer and ordered petitioner to be released and discharged from liability. No review of the award. was sought and it became final.

In December, 1929, the employer filed in respondent court against petitioner the action here sought to be

arrested. The complaint is in two counts. The first count alleges that in 1921 plaintiff entered into a compensation insurance contract with defendant, to be terminated only by notice in writing, pursuant to which defendant kept plaintiff continuously insured up to December 27, 1928, upon which date, disregarding said agreement and without notice to or knowledge of plaintiff, it permitted said insurance to lapse; that plaintiff relied upon said agreement and was unaware of its violation until three days after the injury to its said employee, terminating in the imposition upon it by the commission of a total liability of $2,990.05, no part of which the defendant assumed or paid. The second count incorporates all of the allegations of the first count and further alleges that during all the years subsequent to 1921, defendant sent representatives to plaintiff's office at short intervals to examine its books and figure the premiums due for said insurance, one such visit being made in January, 1929, and another between April 1 and 10, 1929; that during March, 1929, defendant even presented a bill showing a premium of $368.72 then due, which plaintiff paid on April 11, 1929, still having no knowledge that defendant had permitted the insurance to lapse. The pleading then alleges that for these reasons plaintiff is entitled to a policy dated as of December 27, 1928, and to reimbursement for past payments made to and protection from future payments due said employee under his said award. The prayer of the complaint is first, for said sum of $2,990.05 as damages for breach of contract; second, for the relief just above mentioned and third, for such other relief as may seem just and proper. A demurrer to the complaint on the ground of want of jurisdiction of the subject matter was overruled and defendant later instituted this proceeding for prohibition to restrain the court below from proceeding with trial of the action.

■ It is petitioner's contention that the matter has already been concluded by the exercise by the Industrial Accident Commission of jurisdiction over it. This is undoubtedly true of the issue respecting the existence, at the time of said injury, of an insurance policy affording plaintiff compensation coverage. Furthermore, section 55 of the Workmen's Compensation Act (Stats. 1917, chap. 586) provides: "All proceedings for the recovery of compensation,

or concerning any right or liability arising out of or incidental thereto, or for the enforcement against the employer or an insurance carrier of any liability for compensation . . . jurisdiction over which is vested by this act in the commission, shall be instituted before the commission, and not elsewhere . . . '' It is, therefore, likewise true that any issues relating to enforcement against petitioner of any liability for compensation or for the payment of said award have also reached a final determination in said proceeding before the commission.

■ Treating the action in question, however, as one for the recovery of damages for breach of a contract to issue and keep in effect said insurance, we are satisfied that the complaint states a cause of action within the jurisdiction of the court. It does not seek to review the issues passed upon by the commission but is predicated upon the express finding of the commission that petitioner at said time was not the insurance carrier for the employer; upon this very ground is based the claim for damages on account of petitioner's negligence in permitting said insurance to lapse.

■ It is well settled that the Industrial Accident Commission is a tribunal of limited jurisdiction, with no powers beyond those conferred upon it by section 21 of article XX of the Constitution, to ''create and enforce a complete system of workmen's compensation . . . '' If plaintiff had learned in some other manner than through injury to one of its employees of the lapse of said insurance and resulting damage, could it not have instituted an action in the superior court for damages? What difference does it make then that the damage here alleged is the amount of the liability imposed upon the employer by reason of the injury to its said employee? Does this fact abrogate plaintiff's right to seek relief? The cause of action for damages does not involve the construction of an insurance policy with respect to coverage thereunder, the recovery of compensation or incidental liability or the enforcement against an insurance carrier of compensation liability; it attempts to set forth purely a claim for damages based upon the breach of a contract to insure in a controversy affecting only the employer and the insurance carrier, no rights of the employee being involved. The mere circumstance that the damage claimed is the exact amount of the compensation award to

the employee does not change the essential nature of the action and the court should not be prevented from proceeding with it.

The alternative writ is therefore discharged and the petition is denied.

Curtis, J., Seawell, J., Richards, J., Waste, C. J., Shenk, J., and Langdon, J., concurred.

Rehearing denied.