[No. B100470. Second Dist., Div. Six. Apr. 14, 1997.]

FARAMARZ SALIMI et al., Plaintiffs and Appellants, v.
STATE COMPENSATION INSURANCE FUND, Defendant and
Respondent.

**COUNSEL**

Robert S. Gerstein, George R. Kingsley and Bernard R. Schwam for Plaintiffs and Appellants.

Richard A. Krimen, Charles W. Savage, Betty R. Quarles and William D. Hale for Defendant and Respondent.

## OPINION

**GILBERT, J.**—An employer filed an action for bad faith and breach of contract against his workers' compensation insurance carrier. The complaint alleges the carrier wrongfully refused to defend and indemnify in a pending workers' compensation action.

The carrier demurred for lack of subject matter jurisdiction. (Code Civ. Proc., § 430.10, subd. (a).) Its theory was that the Workers' Compensation Appeals Board (WCAB) had exclusive jurisdiction and that the employer failed to exhaust administrative remedies afforded by the WCAB and the California Department of Insurance. The trial court sustained the demurrer without leave to amend and ordered the case dismissed.[1] We reverse.

### FACTS

The first amended complaint alleged as follows:

Faramarz and Brenda Salimi owned an automobile repair business known as German Engineering. They purchased a continuous coverage workers' compensation insurance policy from the State Compensation Insurance Fund (hereinafter State Fund). The policy was effective October 1, 1992.

On December 7, 1993, State Fund notified the Salimis that the policy was being canceled effective December 21. The reason given for the cancellation was the Salimis' failure to submit payroll reports and tender the appropriate premium.

On December 15, the Salimis responded that the payroll reports had been properly submitted. They enclosed an additional copy. The Salimis also told State Fund that they had in fact overpaid their premium due to a mistake in State Fund's billing.

Although State Fund's allegations were entirely false, State Fund nevertheless canceled the Salimis' policy effective December 21, 1993.

The Salimis again wrote to State Fund on February 7, 1994, and asked why they were being billed twice for the 1992-1993 policy year. They

---

[1]The carrier also filed a motion to strike portions of the complaint. Having sustained the demurrer, the trial court denied the motion to strike as moot. We need not decide issues arising from the motion to strike.

followed their letter with a phone call to State Fund in March. A State Fund employee refused to explain why they were being charged twice for the same year. He simply told them that if they did not pay the bill, it would be sent for collection.

In July the Salimis received notice from the Premium Collection Service claiming they owed $988.47 to State Fund. The Salimis sent copies of their payroll records, reports and canceled checks to the collection service and State Fund to prove State Fund's billing was inaccurate and that no money was due. State Fund did not reply. Instead, Premium Collection Service sent a letter claiming $1,049.67 was now owing and threatened to take legal action if that amount was not paid.

In October of 1994 the Salimis were notified that their only employee, Christopher Cogger, had filed a workers' compensation claim against them. The Salimis made a timely tender of the claim to State Fund.

The Salimis tried to obtain coverage from other carriers, but were unsuccessful. Their insurance agent told them that no carrier would issue them a workers' compensation policy as long as there was a balance owing to State Fund.

The Salimis appealed for help to the California Department of Insurance. Thereafter they received a call from State Fund telling them their policy would be reinstated upon payment of $342.28. They delivered a cashier's check for that amount to State Fund. State Fund informed them, however, that a new policy would not be issued unless they paid an additional $527.00, and that their policy would not be retroactively reinstated. The Salimis gave State Fund the additional money, but State Fund refused to give the policy a retroactive effect. The Salimis had to pay for the defense of the workers' compensation claim.

### DISCUSSION

The function of a demurrer is to test the sufficiency of a pleading by raising questions of law. (*Songer v. Cooney* (1989) 214 Cal.App.3d 387, 390 [264 Cal.Rptr. 1].) In assessing the sufficiency of a demurrer, all facts pleaded in the complaint must be deemed true. (*Ibid.*) If upon consideration of all facts stated it appears the plaintiff is entitled to any relief, the complaint will be held good. (*Ibid.*)

State Fund characterizes this case as simply a workers' compensation coverage case. It points out that the complaint alleges State Fund

wrongfully refused to defend and indemnify the Salimis in a workers' compensation claim filed against them. State Fund argues that in such a case the WCAB has exclusive jurisdiction over the Salimis and their workers' compensation insurance carrier.

In *United States F. & G. Co.* v. *Superior Court* (1931) 214 Cal. 468 [6 P.2d 243], the court rejected an argument similar to that raised here by State Fund. There an employee filed a claim for compensation before the Industrial Accident Commission, the predecessor of the WCAB. The commission made an award against the employer, but found the compensation carrier was not the employer's carrier at the time of the accident. The award became final.

Thereafter, the employer filed an action in the superior court for breach of contract against its compensation carrier. The employer's complaint alleged that the carrier wrongfully allowed a lapse in the coverage without notice to or knowledge of the employer. The prayer sought damages for the compensation awarded the employee.

The compensation carrier demurred to the complaint on the ground that the superior court had no subject matter jurisdiction. The carrier's theory was that the Industrial Accident Commission had already exercised jurisdiction and the matter had been concluded. The superior court overruled the demurrer, and the Supreme Court denied the carrier's petition for a writ of prohibition.

In denying the writ petition, the Supreme Court stated: "[The complaint] attempts to set forth purely a claim for damages based upon the breach of a contract to insure in a controversy affecting only the employer and the insurance carrier, no rights of the employee being involved. The mere circumstance that the damage claimed is the exact amount of the compensation award to the employee does not change the essential nature of the action and the court should not be prevented from proceeding with it." (*United States F. & G. Co.* v. *Superior Court, supra,* 214 Cal. at pp. 471-472.)

More recent cases also show that where an employer makes a claim of bad faith and breach of contract against its workers' compensation carrier, jurisdiction rests with the courts. (*Lance Camper Manufacturing Corp.* v. *Republic Indemnity Co.* (1996) 44 Cal.App.4th 194 [51 Cal.Rptr.2d 622]; see also *Tricor California, Inc.* v. *State Compensation Ins. Fund* (1994) 30 Cal.App.4th 230 [35 Cal.Rptr.2d 550].)

State Fund attempts to distinguish those cases on the ground that there was no workers' compensation claim pending before the WCAB at the time

the court actions were filed. State Fund argues that both the WCAB and the courts have concurrent jurisdiction over the Salimis' claims, but once one tribunal has exercised jurisdiction, that jurisdiction is thereafter exclusive.

State Fund's argument has a number of flaws. First, *Tricor* and *Lance* do not discuss whether there were pending workers' compensation claims at the time the superior court actions were filed. There is nothing in either case to indicate that the pendency of such claims would be at all relevant.

Second, the cases relied on by State Fund do not support its argument. In *Scott* v. *Industrial Acc. Comm.* (1956) 46 Cal.2d 76 [293 P.2d 18], plaintiff alleged in a superior court case that he was injured while on the premises of the defendant as an invitee. The defendant initiated proceedings before the Industrial Accident Commission, claiming plaintiff was acting as an employee at the time of the accident. Plaintiff sought mandamus or prohibition to stay the proceedings pending before the commission. In granting the stay, the court set forth general principles applicable to controversies in which "the same parties and the same subject matter are involved": "When two or more tribunals in this state have concurrent jurisdiction, the tribunal first assuming jurisdiction retains it to the exclusion of all other tribunals in which the action might have been initiated. Thereafter another tribunal, although it might originally have taken jurisdiction, may be restrained by prohibition if it attempts to proceed." (*Id.*, at p. 81.)

But here the workers' compensation claim is not the same subject matter as the action for bad faith and breach of contract. The subject matter of the workers' compensation claim is injury to the employee; the subject matter of the instant action is injury to the employer.

Moreover, the court in *Scott* only issued a stay. It did not dismiss the workers' compensation action for lack of subject matter jurisdiction. Indeed it could not have. The jurisdictional question, whether the plaintiff was an employee, had not been determined.

Here, unlike *Scott*, the trial court did not simply stay the action; the court dismissed it, leaving the Salimis to whatever remedies the WCAB might provide. State Fund concedes, however, that the WCAB cannot award the Salimis civil damages. (See *La Jolla Beach & Tennis Club, Inc.* v. *Industrial Indemnity Co.* (1994) 9 Cal.4th 27, 35 [36 Cal.Rptr.2d 100, 884 P.2d 1048].) Dismissal of the superior court action deprives the Salimis of remedies to which they are entitled if they can prove their case.

In *Browne* v. *Superior Court* (1940) 16 Cal.2d 593 [107 P.2d 1, 131 A.L.R. 276], the court issued a writ of prohibition restraining the San

Francisco Superior Court from acting on a guardianship matter that was pending in the Santa Barbara Superior Court. But there the actions in both superior courts involved the same subject matter and both courts had the same power to grant relief. Here the cases before the WCAB and the superior court involve different subject matter, and the WCAB has no power to grant the Salimis the relief they seek in the superior court.

Nor is there any requirement that the Salimis exhaust administrative remedies afforded by the WCAB and the California Department of Insurance.

█ " 'The requirement of exhaustion of administrative remedies is founded on the theory that the administrative tribunal is created by law to adjudicate the issue sought to be presented to the court, and the issue is within its special jurisdiction. If a court allows a suit to go forward prior to a final administrative determination, it will be interfering with the subject matter of another tribunal. . . .' " (*Lance Camper Manufacturing Corp.* v. *Republic Indemnity Co., supra,* 44 Cal.App.4th at p. 199.)  █  But the WCAB was not created to adjudicate claims of bad faith and breach of contract made by an employer against a compensation carrier. In fact, the WCAB has no jurisdiction to grant the remedies to which the employer may be entitled. State Fund cites no authority that would compel the Salimis to exhaust WCAB administrative remedies. State Fund's contention that an employer must exhaust Department of Insurance administrative remedies has been expressly rejected. (*Id.,* at pp. 198-200.)

Our holding does not impede the progress of the WCAB hearing and the resolution of all issues pertinent to that hearing. Nor does it preclude State Fund from requesting a stay of the superior court action if appropriate.

The judgment is reversed. Costs are awarded to appellants.

Stone (S. J.), P. J., and Yegan, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 16, 1997.