**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES FIDELITY AND
GUARANTY COMPANY,
       *Plaintiff-Appellee,*

v.

LEE INVESTMENTS LLC, DBA The
Island,
       *Defendant-Appellant,*

and

AMERICAN SPECIALTY INSURANCE
SERVICES; AMERICAN SPECIALTY
RISK MANAGEMENT SERVICES LLC,
   *Counter-defendants-Appellees,*

AON RISK SERVICES, INC.,
   *Defendant-3rd-party-plaintiff-*
     *counter-defendant-Appellee.*

No. 08-17753

D.C. No.
1:99-cv-05583-
OWW-SMS

5179

UNITED STATES FIDELITY AND
GUARANTY COMPANY,
*Plaintiff-counter-defendant-*
*Appellee,*

v.

LEE INVESTMENTS LLC, DBA The
Island,
*Defendant-counter-claimant-*
*Appellant,*

v.

AMERICAN SPECIALTY INSURANCE
SERVICES; AMERICAN SPECIALTY
RISK MANAGEMENT SERVICES LLC,
*Counter-defendants-Appellees,*

and

RICHARD K. EHRLICH; REXFORD
PROPERTIES, LLC, a California
limited liability company,
*Defendants-counter-claimants,*

v.

AON RISK SERVICES, INC.,
*Third-party-defendant-Appellee.*

No. 09-16962

D.C. No.
1:99-cv-05583-
OWW-SMS

OPINION

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted
February 16, 2011—San Francisco, California

Filed April 18, 2011

Before: Mary M. Schroeder and Sidney R. Thomas,
Circuit Judges, and Samuel Conti, Senior District Judge.*

Opinion by Judge Thomas

---

*The Honorable Samuel Conti, Senior District Judge for the U.S. District Court for Northern California, San Francisco, sitting by designation.

**COUNSEL**

Daniel O. Jamison and Keith M. White, Dowling, Aaron & Keeler, Inc., Fresno, California, for appellant/defendant, counter-claimant, third-party plaintiff, and third-party counter-defendant Lee Investments, LLC.

Jeffrey A. Charlston and Bruce T. Smith, Charlston, Revich & Wollitz, LLP, Los Angeles, California, for appellee/plaintiff United States Fidelity and Guaranty Company and for appellees/counter-defendants American Specialty Insurance Services, Inc., and American Specialty Risk Management Services, LLC.

Margaret L. Parker, Matthew S. Covington, and Stephen Chiari, DLA Piper LLP, San Francisco, California, for appellee/defendant, third-party plaintiff, counter-defendant Aon Risk Services, Inc.

---

**OPINION**

THOMAS, Circuit Judge:

In this appeal, we consider whether a federal district court had subject matter jurisdiction over an insurance company's diversity action seeking rescission of a workers' compensation policy and, if so, whether it was required to dismiss the case because exclusive jurisdiction was vested by state law in a state workers' compensation agency. We conclude that the district court had subject matter jurisdiction and properly denied the motion to dismiss. We affirm.

I

This seemingly *ab aeterno* litigation originated in a simple event: an accident at "The Island," a California waterpark.

The incident spawned parallel actions that proceeded in different venues over many years, ultimately resulting in a judgment in which The Island's insurer prevailed.

The mishap occurred when a maintenance worker ("the Employee") was helping to assemble a five-story water slide. A metal bar fell from a forklift and struck her head, causing serious injuries. Prior to the accident, The Island's owner, Lee Investments, LLC ("the Employer" or "Lee"), had purchased a workers' compensation policy ("the Policy") underwritten by United States Fidelity & Guaranty Co. ("the Insurer").[1]

The Insurer contends that it agreed to issue the Policy contingent on the Employer's representations that Island employees would not be "performing construction operations, as opposed to performing duties in the day-to-day operation of a water park." Thus, the Insurer claimed that the Employer had not told the whole truth in its insurance application, and that the lie had wrongfully induced it to provide coverage.

The Employee filed a claim for benefits with California's Workers' Compensation Appeals Board ("the State Board") and the Insurer began paying benefits to the Employee pursuant to the Policy. Shortly thereafter, the Insurer filed this federal action against the Employer seeking Policy rescission and related relief on account of the Employer's alleged misrepresentations.

The Employee initially filed, but later abandoned, a request that the State Board arbitrate the claims asserted by the Insurer in the federal action. Years later, the Employer revived the Employee's request. The Insurer objected, and a state administrative law judge decided to hold a hearing on

---

[1]The Policy was marketed by American Specialty Insurance Services, Inc., the Insurer's managing general agent ("the Insurer's Agent"). The Employer purchased the policy through insurance broker Aon Risk Services, Inc. ("the Broker").

the objections. The hearing never occurred, and the issue was left adrift.

In federal court, the Employer joined a motion to dismiss raised by another party alleging that California law committed adjudication of the Insurer's action to the State Board. The district court denied the dismissal motion. Subsequently, the Employer, the Insurer, the Insurer's Agent, and the Broker filed claims against one another and additional parties.[2]

The case was bifurcated, with some of the claims tried to a jury and others reserved for bench trial. The jury returned special verdicts in favor of the Insurer and against the Employer. The jury found that the Employer had made an intentional misrepresentation of material fact and concealed material facts during the policy application process. Based on that determination, the jury found that the Insurer was entitled to rescind the Policy and to recover restitution of payments it made under it. The jury found against the Employer on all of its affirmative defenses and counterclaims, and found in favor of the Insurer on all but one of its affirmative defenses to the Employer's counterclaims.

The district court entered partial judgment on the jury verdict. The Employer appealed, but its appeal was dismissed as premature. The Employer filed various post-trial motions seeking relief, which the district court denied. The district court then held a bench trial on some of the remaining issues, including the Insurer's claims to restitution of attorneys fees it paid to defend the Employer in the State Board proceedings and to prejudgment interest.

More than a year after the federal jury entered verdicts in favor of the Insurer on its claims against the Employer, and

---

[2]The additional parties include the Employer's alleged alter egos, Richard K. Ehrlich and Rexford Properties, LLC ("the Alter Egos"), who were part of the action but not this appeal.

while the district court was deliberating on the issues presented in the bench trial, the Employer attempted an exodus from the federal action and again requested that the State Board arbitrate the Insurer's claims. The Insurer asked the federal court to enjoin the State Board proceedings. The court granted the Insurer's motion, observing that:

> The issues surrounding issuance of the insurance policy have been fully litigated and jury verdicts entered. Lee sought a jury trial, and only when the jury decided every issue against Lee, now seeks to avoid the effects of the trial following which the Partial Judgment was entered. It will be the height of judicial waste to permit Lee to yet again, a fourth time, seek to relitigate the issues, going backward to an administrative hearing.

The court also noted that "Lee's revisionist assertion that it was dragged kicking and screaming into the federal litigation is categorically belied by the record."

The court then granted the Insurer's motion for summary judgment on the Employer's counterclaims for breach of contract and the implied covenant of good faith and fair dealing. The court subsequently issued its decision on the issues presented in the bench trial and granted the Insurer's request for the entry of judgment pursuant to Rule 54(b). In addition to the amounts awarded by the jury, the court awarded the Insurer restitution of the amount it spent for the Employer's legal defense in the State Board proceedings and pre-judgment interest.

In sum, after a jury trial, a bench trial, and post-trial motions, the Insurer won its claim for rescission, and was awarded restitution damages from the Employer in the amount of $841,708.13, to reimburse the Insurer for the benefits it paid under the Policy less premiums the Employer paid the Insurer. The Insurer was granted prejudgment interest

against the Employer in the amount of $394,955.03 and was permitted to recover all costs of suit. Judgment was entered in favor of the Insurer on all claims the Employer brought against it. The Broker was granted judgment on all of the Employers's claims against it and, conversely, the Employer was granted judgment on all of the Broker's claims against it. No damages were awarded as between the Broker and the Employer and each side was ordered to bear its respective costs. The court also resolved certain claims involving the Alter Egos.[3]

Meanwhile, over in the state proceedings, the request that the State Board re-adjudicate the Insurer's claims for rescission and restitution remained enjoined. The Employer and the Employee reached a settlement of their separate disputes before the State Board, but the deal did not resolve any of the issues in the instant case.[4]

In the end, when the smoke cleared, the Insurer prevailed in the main action and the parallel proceeding remained in limbo. This appeal followed.

II

The Employer contends that the district court lacked subject matter jurisdiction over the Insurer's claims. We disagree. The Insurer is a corporation duly organized and existing under

---

[3]The district court found against the Alter Egos as to their claims against the Insurer. The district court severed claims filed by the Insurer against the Alter Egos for separate trial in the event that the Insurer prevailed on its rescission and restitution claims. Thus, those issues were left behind for later resolution and are not part of this appeal.

[4]The Insurer and The Broker have suggested that the settlement agreement between the Employer and the Employee has mooted certain of the Employer's claims in this appeal. We disagree. Whatever the case may be as to resolution of the solitary issue regarding compensation due to the Employee, it is not relevant to the separate disputes among the Employer, the Insurer, the Insurer's Agent, and the Broker.

the laws of the State of Maryland, with its principal place of business located in that state. The Employer is a business entity organized and existing under the laws of the State of California with its principal place of business located in Fresno. Because the parties are diverse and because the amount in controversy exceeded $75,000, the district court had subject matter jurisdiction over the action. 28 U.S.C. § 1332.

The Employer's arguments to the contrary are not persuasive. First, the Employer argues that by filing the present action the Insurer improperly removed the Employee's state workers' compensation claim to federal court, thus running afoul of 28 U.S.C. § 1445(c). Section 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." However, the federal action did not involve an adjudication of the Employee's workers' compensation benefits; it addressed whether the Employer's insurance policy had been wrongfully obtained through misrepresentation. Thus, this action did not "arise under" California's workers' compensation laws.

Furthermore, the Insurer did not "remove" a civil action from state court; it filed an original claim in federal court. The Employer urges us to construe the Insurer's complaint as a *de facto* removal and apply the relevant jurisdictional restrictions. However, removal jurisdiction differs from original jurisdiction and is subject to different constraints. *See Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1144-45 (8th Cir. 1992). There is nothing in the statutory scheme that would allow us to graft jurisdictional restrictions from one context onto another. Section 1445(c) "proscribes only the *removal* of claims arising under state workers' compensation statutes." *Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1061 (9th Cir. 2002) (emphasis in original) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961)). That statutory restriction on the federal courts' removal jurisdiction "does

not prohibit plaintiffs from filing such actions directly in federal court." *Id.* Nor did the district court appear, *deus ex machina*, to wrest control over the litigation from the State Board. Rather, it addressed the issues put before it in an original federal proceeding. Section 1445(c) does not divest federal courts of jurisdiction over this diversity action.

Second, the Employer argues that the district court was divested of jurisdiction by 28 U.S.C. § 1359, which provides that "[a] district court shall not have jurisdiction of a civil action in which a party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of the court." The purpose of § 1359 is to prevent the perpetration of fraud on federal courts' jurisdiction. *See Hartog v. Memory*, 116 U.S. 588, 590-91 (1886) (citing *Williams v. Nottawa*, 104 U.S. 209, 211 (1881)). The Employer has presented no evidence of fraud or collusion. Its argument is without merit.

Finally, the Employer claims that the district court lacked subject matter jurisdiction because California law vests the State Board alone with jurisdiction to entertain the Insurer's claims.[5] However, in *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311 (9th Cir. 1982), we rejected the argument that exclusivity provisions in state workers' compensation laws, like those in California's Workers' Compensation Act,[6] could divest federal courts of subject matter jurisdiction:

> [S]tate law may not control or limit the diversity jurisdiction of the federal courts. The district court's

---

[5]This jurisdictional allegation is distinct from the Employer's claim that exclusivity provisions in California law required the district court, in the proper exercise of diversity jurisdiction, to dismiss the action so that it could be decided by the State Board. We turn to this claim subsequently.

[6]*See* Cal. Labor Code § 5300 (proceedings "[f]or the recovery of [workers'] compensation, or concerning any right or liability arising out of or incidental thereto" "shall be instituted before the [State Board] and not elsewhere"); *see also id.* §§ 3600(a), 3602(a).

> diversity jurisdiction is a creature of federal law under Article III and 28 U.S.C. § 1332(a). Pursuant to the supremacy clause, section 1332(a) preempts any contrary state law.

682 F.2d at 1315. Here, as in *Begay*, "[t]he question is whether the . . . complaint stated a claim for relief under [state] law pursuant to [*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)], rather than whether the district court lacked subject matter jurisdiction." *Id.* Thus, even if we were to hold that the exclusivity provisions applied, they would not operate to divest the federal court of subject matter jurisdiction.

The district court correctly concluded that it had subject matter jurisdiction over the action.

## III

The State Board did not have exclusive jurisdiction to hear the Insurer's claims, as the Employer contends. Therefore, the district court properly denied the dismissal motion, a decision we review *de novo*. *Matter of McLinn*, 739 F.2d 1395, 1397 (9th Cir. 1984) (en banc).

**[1]** As a general proposition, federal courts sitting in diversity have authority to decide state law claims seeking rescission of an insurance policy. *See, e.g.*, *C.N.R. Atkin v. Smith*, 137 F.3d 1169, 1172 (9th Cir. 1998); *Gasaway v. Nw. Mut. Life Ins. Co.*, 26 F.3d 957, 958 (9th Cir. 1994). However, the California Workers' Compensation Act's exclusivity provisions "are 'substantive' provisions which, under *Erie*, a district court sitting in diversity is bound to follow." *Begay*, 682 F.2d at 1318. " '*Erie* requires that the federal court grant or withhold relief as the state courts would.' " *Id.* at 1316 (quoting *Markham v. City of Newport News*, 292 F.2d 711, 718 (4th Cir. 1961)); *see Angel v. Bullington*, 330 U.S. 183, 187 (1947) ("For purposes of diversity jurisdiction a federal court

is 'in effect, only another court of the State.' " (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)*).*

Accordingly, we turn to California law and assess whether it would preclude California state courts from hearing the Insurer's claims in favor of the State Board's exclusive authority to do so. We are reminded that " '[t]he task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum.' " *Ticknor v. Choice Hotels Int'l., Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (quoting *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980)). Perhaps a better way of putting it is to say that one of the goals in deciding state law questions is to do no harm to state jurisprudence.

In analyzing state law in a diversity case, we are bound by the decisions of the state's highest court. If the California Supreme Court has not decided the question, " 'we are required to ascertain from all the available data what the state law is and apply it.' " *Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038, 1045 (9th Cir. 2001) (quoting *Insurance Co. of Pennsylvania v. Associated Int'l Ins. Co.*, 922 F.2d 516, 520 (9th Cir. 1990)). In assessing how the California Supreme Court would resolve the "question—absent controlling state authority—federal courts look to existing state law without predicting potential changes in that law." *Ticknor*, 265 F.3d at 939.

We are also mindful that "[o]nce a diversity case has been tried in federal court, with rules of decision supplied by state law under the regime of *Erie* . . . , considerations of finality, efficiency and economy become overwhelming." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 (1996) (citation omitted). That advice is particularly apt in a case that has engaged the federal courts for more than a decade.

**[2]** California's Workers' Compensation Act grants the State Board exclusive authority to hear claims "[f]or the

recovery of [workers'] compensation, or concerning any right or liability arising out of or incidental thereto." Cal. Labor Code § 5300(a). The Employer argues that the Insurer's claims arise out of or are incidental to the recovery of workers' compensation. Accordingly, the Employer argues that a California state court could not entertain the Insurer's complaint, and therefore that, pursuant to the *Erie* doctrine, neither can the federal courts. The district court disagreed, and on at least three occasions overruled objections to the exercise of its jurisdiction to hear the Insurer's claims in the face of the contention that the State Board had exclusive authority to do so.

While California case law is not conclusive on the matter,[7] we are not writing on a *tabula rasa*, either. The relevant California decisions establish that the State Board does not possess exclusive jurisdiction over the Insurer's claims.

**[3]** First, Cal. Labor Code § 5300 does not, by its terms, apply to the Insurer's action for rescission. The Insurer's complaint against the Employer sought a declaration that the Policy was void *ab initio* and that the Insurer was entitled to rescind it. The Insurer further sought restitution of all sums paid by it in connection with claims on the Policy. The relief the Insurer sought does not involve "the recovery of [workers'] compensation," nor does it "concern[ ] any right or liability arising out of or incidental thereto." Cal. Labor Code § 5300(a). The Insurer's claims here have no legal effect on the Employee's ability to recover workers' compensation; rather, they merely affect who pays those costs—the Insurer, the Employer, or California's Uninsured Employers Benefits Trust Fund. Indeed, the California Supreme Court has confirmed that "[c]auses of action seeking to recover '[e]conomic

---

[7] *See Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 811 (2001) ("the unabated flow of published decisions *clarifying* the scope of workers' compensation exclusivity suggests considerable confusion as well as innovative lawyering" (emphasis in original)).

or contract damages incurred *independent* of any' workplace injury are . . . exempt from workers' compensation exclusivity." *Vacanti*, 24 Cal. 4th at 814 (emphasis and second alteration in original) (quoting *Pichon v. Pacific Gas & Electric Co.*, 212 Cal. App. 3d 488, 501 (1989)). Thus, while perhaps prompted by the Employee's workplace accident, the Insurer's contract claims are "independent of a compensable injury" under California workers' compensation law. *Id.* at 816 (quotation omitted).

**[4]** Second, the California Supreme Court has held that California state courts, and therefore federal courts sitting in diversity, can entertain such claims. *Scott v. Indus. Accident Comm'n*, 46 Cal. 2d 76, 89 (1956). Citing "the stricter rules governing court procedures and character of proof rather than the more liberal ones applicable" in administrative arbitrations, the court stated that, "where questions as to . . . insurance carrier liability within the terms of a contract[ ] are close," the carrier might "fil[e] a declaratory relief action in [state] court rather than" before the State Board. *Id.*[8]

**[5]** Third, California law does not authorize the State Board to award the damages sought by the Employer in its counterclaims for breach of fiduciary duty, fraud, and negligent misrepresentation. " '[T]he [State Board] cannot award damages for injuries.' " *La Jolla Beach & Tennis Club, Inc. v. Indus. Indem. Co.*, 9 Cal. 4th 27, 35 (1994) (quoting *Scott*, 46 Cal. 2d at 83)*; see id.* at 43 ("[A] civil suit for damages is no more a claim for workers' compensation benefits than a criminal or disciplinary action is a civil suit for damages."); *cf. United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102,

---

[8]*See also U.S. Fidelity & Guaranty Co. v. Superior Court*, 214 Cal. 468, 471 (1931) (finding state court jurisdiction where a cause of action between an employer and its purported workers' compensation insurance provider did "not involve the construction of an insurance policy with respect to coverage thereunder, the recovery of compensation or incidental liability or the enforcement against an insurance carrier of compensation liability").

1112 (9th Cir. 2001) (" 'when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief' " (quoting *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc)).

This limitation is consistent with the constant theme generally applicable to administrative agencies: that they are creatures of statute, bound to the confines of the statute that created them, and lack the inherent equitable powers that courts possess. *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO v. NLRB,* 502 F.2d 349, 354 n.* (D.C. Cir. 1974). Further, the matters at hand involve state law questions of contract formation in which the State Board has no special expertise. The California Court of Appeals has summarized, stating that "jurisdiction rests with the courts" over claims "of bad faith and breach of contract" regarding workers' compensation insurance policies. *Salimi v. State Comp. Ins. Fund*, 54 Cal. App. 4th 216, 220 (1997) (collecting cases).

**[6]** Because it had jurisdiction, the district court did not abuse its discretion in enjoining the State Board proceedings after the Insurer's rescission and restitution claims had been resolved by the federal jury. *See Scott*, 46 Cal. 2d at 81 (where there is concurrent jurisdiction and one tribunal has already assumed jurisdiction, "another tribunal, although it might originally have taken jurisdiction, may be restrained by prohibition if it attempts to proceed"). Indeed, the court served the greater good of "finality, efficiency and economy," *Caterpillar*, 519 U.S. at 75, by declining to allow the Employer to litigate the primary issues anew a fourth time. The Employer's appeal to the Anti-Injunction Act, 28 U.S.C. § 2283, is misplaced: nothing in that act "prevent[s] federal

courts from enjoining state administrative proceedings." *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1271 (9th Cir. 1994).[9]

In sum, this case does not present a collision between federal and state interests. The district court properly wrote the final chapter in the case, with the parallel proceeding ultimately having no impact on the final reckoning.

IV

[7] The district court correctly concluded that, under California law, there can be no breach of a duty to defend under a rescinded insurance policy. Therefore, the Insurer was not obligated to defend the Employer before the State Board and in the federal action.[10] *See LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259, 1266-71 (2007) (where an insurance policy is "void *ab initio*," the insureds "*never* had any coverage under [the policy], and [the insurer] *never* had a duty to defend or indemnify them" (emphasis in the original)); *Imperial Casualty & Indemnity Co. v. Sogomonian*, 198 Cal. App. 3d 169, 184 (1988) ("upon a rescission of a policy of insurance, based upon a material concealment or misrepresentation, all rights of the insured thereunder (except the right to recover any consideration paid

---

[9]At oral argument, the Employer also challenged the district court's decision not to abstain from adjudicating the Insurer's claims. However, by not "specifically and distinctly" arguing this claim in its opening brief, the Employer has waived it. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).

[10]The district court also correctly concluded that under California law the Insurer adequately reserved its right to reimbursement for costs expended on the Employer's defense, *see Buss v. Superior Court*, 16 Cal. 4th 35, 61 n.27 (1997), and the court did not abuse its discretion in denying the Employer's request for further discovery on its claims, *see California ex rel. California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion." (internal quotation and citations omitted)).

in the purchase of the policy) are extinguished"); *see also Cigna Property and Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 419 (9th Cir. 1998) ("if [the insurer] prevailed on its rescission claim, [the insured's] counterclaims necessarily would be defeated"). Thus, the effect of the judicial rescission was to turn back time, voiding all actions taken under the Policy. With no effective policy in place, there was no duty to defend.

The Employer's appeal to *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), is of no avail. There, the California Supreme Court affirmed that, where an action against an insured mixes claims that indubitably are covered by an insurance policy with those that may not be, the insurer has a duty to defend the entire action. *Id.* at 49. That such a duty is "an obligation imposed by law in support of the [insurance] policy," *id.* at 48-49, is irrelevant to the Employer's arguments, as *Buss* assumes the presence of a valid policy and never addresses rescission. Furthermore, with regard to restitution, the *Buss* court went on to hold that "[a]s to claims that are not even potentially covered" by the insurance policy, "the insurer may indeed seek reimbursement for defense costs" because " 'California law clearly allows insurers to be reimbursed for attorney's fees' and other expenses 'paid in defending insureds against claims for which there was no obligation to defend.' " 16 Cal. 4th at 50 (quoting *Omaha Indem. Ins. Co. v. Cardon Oil Co.*, 687 F. Supp. 502, 504 (N.D. Cal. 1988)).

**[8]** Applying this principle to these facts, under California law, the Insurer was entitled to summary judgment on the Employer's claims. Because the Policy was declared void *ab initio*, the Insurer had no obligation to defend the Employer notwithstanding that the Policy, if valid, would have covered the Employee's injuries.

V

Reversal is not warranted on the basis of any of the district court's pre-trial rulings.

A

**[9]** The district court did not err in denying the Employer's motions in limine which sought to exclude two communications among the Employer, the Broker, and the Insurer's Agent that allegedly showed the Employer's material misrepresentations in the policy application process. In the first letter, the Insurer's Agent expressed concern to the Broker that the Employer's employees were performing construction duties, and asked for the Broker's help in proving to the Insurer that "[c]onstruction has ceased at The Island" and accordingly that "workers' compensation claims arising from construction will not be reported under [the Policy]." In the second letter, drafted by the Broker to assuage the Insurer's concerns and signed by the Employer's general manager, the Employer represented to the Insurer's Agent that The Island would "no longer employ construction laborers" and that "[a]ny construction work will be performed by independent contractors." It was six months later that the Employee suffered her injury while completing the assembly of a new water slide.

The Employer contends the letters were not relevant, arguing that the Insurer was required to issue a restrictive policy endorsement if it did not intend to insure construction activities. However, the Insurer did not argue that the letters modified the Policy. Rather, the Insurer submitted those letters as evidence that the Employer misrepresented its operations to procure insurance, justifying the Insurer in rescinding the policy under California law. *See Mitchell v. United Nat. Ins. Co.*, 127 Cal. App. 4th 457, 468 (2005) ("any material misrepresentation or the failure, whether intentional or unintentional, to provide requested information permits rescission of the policy by the injured party" (citing Cal. Ins. Code §§ 351, 359; *Imperial Cas. & Indem. Co. v. Sogomonian,* 198 Cal. App. 3d 169, 179-80 (1988))). The letters were relevant, and the district court properly denied the Employer's motion in limine.

B

**[10]** The district court did not abuse its discretion in granting the Insurer's motions in limine that precluded the Employer from arguing at trial that the Broker was the Insurer's agent. The district court held that this theory was not fairly disclosed in discovery, that the defendants had not had an opportunity to conduct discovery on the theory or develop a defense, and that the defendants would be unfairly prejudiced if the court allowed the Employer to present the new theory at trial. The court did not abuse its discretion in declining to allow the belated assertion of an entirely new theory on the eve of trial, when discovery would have to be re-opened and the theory was of dubious merit. *See Archer Daniels Midland Co. v. Hartford Fire Ins. Co.,* 243 F.3d 369, 375 (7th Cir. 2001) (upholding the exercise of discretion and noting that "if the destination is fated, it is best to avoid the travail of the journey").

C

**[11]** The district court did not abuse its discretion in granting the Insurer's and the Broker's motions in limine precluding the Employer's experts from testifying as to matters beyond their expertise and the scope of their expert reports. The Employer complains that its hands were tied. However, its experts remained free to articulate the relevant standards of care and to opine as to whether the Insurer's and the Broker's conduct met their requirements. A district court does not abuse its discretion in limiting expert testimony to the expert's area of expertise and the subjects contained in the expert's disclosure. *United States v. W.R. Grace,* 526 F.3d 499, 503 (9th Cir. 2008).

D

The Employer's challenge to the district court's denial of the Employer's motion for summary judgment is not properly

before the Court. The Employer has not appealed the district court order in question, nor could it: after a full trial on the merits, no appeal can be taken of an order denying summary judgment. *Ortiz v. Jordan*, ___ U.S. ___, 131 S.Ct. 884, 889 (2011); *accord. Locricchio v. Legal Services Corp.*, 833 F.2d 1352, 1358-59 (9th Cir. 1987) ("[T]he denial of a motion for summary judgment is not reviewable on an appeal from a final judgment entered after a full trial on the merits.").

E

Finally, the Employer's complaint about the "morass of documents" that the Insurer produced prior to the bench trial provides no cause for reversal.

VI

The district court did not err in its trial rulings. The district court did not impermissibly prevent the Employer from presenting its theories of the case. Rather, its decisions were in keeping with its "general 'gatekeeping' obligation . . . [as] to testimony based on 'technical' and 'other specialized' knowledge." *Kumho tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). A careful reading of the record demonstrates that the district court fully permitted the Employer to assert its theory.

[12] The further instructions given by the court on professional negligence claims conformed to the requirements that California law imposes on such claims. In California, negligence claims against insurance brokers are adjudicated according to the professional negligence standard,[11] and

---

[11]*See Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 115 Cal. App. 4th 1145, 1154 (2004) (concluding that, where a negligence claim challenged the failure of an insurance broker to obtain appropriate insurance, "the negligence claim is one for professional negligence"); *Valentine v. Membrila Ins. Servs., Inc.*, 118 Cal. App. 4th 462, 474-75 (2004).

"proof of professional negligence requires testimony of experts as to the standard of care in the relevant community." *Huang v. Garner*, 157 Cal. App. 3d 404, 413 (1984), *disapproved on other grounds by Aas v. Superior Court*, 24 Cal. 4th 627 (2000). Therefore, the court properly instructed that expert testimony was required in order to sustain a professional liability claim. The Employer argues that its theories were not "complex," but California has yet to adopt a "simplicy of theory" exception to its professional negligence rule. Rather, California requires expert testimony on the standard of care "unless the conduct required by the particular circumstances is within the common knowledge of the layman." *Flowers v. Torrance Memorial Hosp. Med. Ctr.*, 884 P.2d 142, 147 (Cal. 1994).

## VII

Reversal is not warranted on the basis of the district court's findings of fact, conclusions of law, or post-trial rulings.

## A

The district court's factual finding that the Insurer was the real party in interest for purposes of restitution is supported by the record. The Employer alleged that the Insurer was not the real party in interest, claiming that it had not actually paid benefits under the Policy. However, the record contains direct and uncontradicted evidence of payments by the Insurer for the Employee's medical and related expenses. The Employer did not tender any contrary evidence and did not sustain its burden of proof. The district court correctly held that the Insurer was the real party in interest.

## B

The district court properly awarded prejudgment interest to the Insurer. " 'Prejudgment interest in a diversity action is . . . a substantive matter governed by state law.' " *In re Exxon*

*Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007) (quoting *Webco Indus., Inc. v. Thermatool Corp.*, 278 F.3d 1120, 1134 (10th Cir. 2002)). California law provides that

> Every person who is entitled to recover damages *certain, or capable of being made certain by calculation*, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.

Cal. Civ. Code § 3287(a) (emphasis added).

In *Children's Hospital and Medical Center v. Bonta*, 97 Cal. App. 4th 740 (2002), the California Court of Appeal articulated the test for awarding prejudgment interest under § 3287(a) as entailing a determination of whether the "defendant actually knows the amount owed or from reasonably available information could the defendant have computed that amount." *Id.* at 774 (quotation omitted). In *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154 (1991), quoted in *Bonta*, the court specified that

> [d]amages are deemed certain or capable of being made certain within the provisions of [§ 3287(a)] where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage. . . . The statute does not authorize prejudgment interest where the amount of damage, as opposed to the determination of liability, depends upon a judicial determination based upon conflicting evidence and is not ascertainable from truthful data supplied by the claimant to his debtor.

*Id.* at 1173.

The Employer argues that the district court erred in calculating the numbers because the Employer did not know, and could not have known, the amount of damages, placing it in a *Catch-22* situation. The Employer's contention, however, hinges on arguments it made in its counterclaims and third-party complaint—for example, that the Broker and the Insurer's Agent were responsible for the Insurer's loss—that the district court properly rejected. In contrast, the Insurer's claim for restitution, which simply sought reimbursement for payments it made pursuant to the Policy, was discrete, and once liability was determined, there could be "essentially no dispute between the parties concerning the basis of computation of damages." *Fireman's Fund*, 234 Cal. App. 3d at 1173.

"[A] defendant's denial of liability does not make damages uncertain for purposes of [Cal. Civ. Code § 3287(a)]." *Wisper Corp. v. California Commerce Bank*, 49 Cal. App. 4th 948, 958 (1996). And "where the amount of the plaintiff's claim can be determined by established market values or by computation," that provision "mandates an award of prejudgment interest." *Id.* (quotation omitted).

**[13]** *Chesapeake Industries, Inc. v. Togova Enterprises, Inc.*, 149 Cal. App. 3d 901 (1983), is distinguishable, as this *is* "a case where the debtor could keep complete records of the transaction from which it could calculate its indebtedness," and it is *not* a case where "much of the critical data was in the sole possession of" the Insurer. *Id.* at 911. Here, the amount of the payments the Insurer made to the Employee and to the Employer's independent counsel were "reasonably available." *Bonta*, 97 Cal. App. 4th at 774. The Employee's workers' compensation payments were statutorily set based on her salary; her medical expenses were established as of May 24, 2002, and could be reasonably determined thereafter with simple inquiries; and the Employer admits that it "of course[ ] did know how much was being paid to its independent counsel." As the district court found, there was never any uncertainty as to the exact amount and date of each payment

to the Employee and her counsel that is to be restored to the Insurer. The district court properly applied California law in awarding prejudgment interest. *See* Cal. Civ. Code § 3287.

C

The district court did not err in certifying its judgment pursuant to Federal Rules of Civil Procedure Rule 54(b). The pendency of the Insurer's claims against the Alter Egos did not preclude the court from doing so. Any similarities between the alter-ego claims and those already adjudicated by the district court are insufficient to negate the district court's conclusion, made on the record, that, "[d]ue to the prior delay in, complexity and contentiousness of this litigation, to avoid uncertainty and inconsistent verdicts, there is no just reason for delay and partial judgment should now therefore be entered." *See Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989) (noting approvingly that the court below, in granting Rule 54(b) certification, "expressly stated that it found 'no just reason for delaying the entry of judgment' "). "Both the Supreme Court and our court have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example, . . . the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 (9th Cir. 2005).

The Employer contends that it was inequitable for the district court to enter judgment "piecemeal." Of course, that is precisely what a Rule 54(b) certification is intended to accomplish. The question is whether the preconditions for certification have been satisfied. Here, the record reflects that the district court carefully considered and applied the factors this circuit has stated are relevant in determining the propriety of Rule 54(b) certification. *See Wood*, 422 F.3d at 880-82; *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1030 (9th Cir. 1994).

**[14]** The order, although not final, certainly signaled the beginning of the end. Not all the questions have been answered, but most of the important issues have been resolved. Thus, although an epilogue will be required, this portion of the saga came to a proper end. The district court did not err in granting partial judgment and entering the certification order.

## VIII

The district court properly exercised jurisdiction, correctly assessed the law, acted well within its discretion in making innumerable litigation decisions, and did not err in granting certification. We commit the remaining issues to the district court.

**AFFIRMED**.