

**FILED**

MAR 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAN FRANCISCO BAY AREA RAPID
TRANSIT DISTRICT,

          Plaintiff-counter-
          defendant-Appellant,

v.

GENERAL REINSURANCE
CORPORATION,

          Defendant-counter-claimant-
          Appellee.

No.   16-15406

D.C. No. 3:14-cv-01866-JSC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted November 16, 2017
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and FRIEDMAN,** District
Judge.

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

Plaintiff-Appellant San Francisco Bay Area Rapid Transit District

("BART") appeals the district court's entry of judgment in favor of Defendant-

Appellee General Reinsurance Corp. ("GRC"), BART's excess insurer for

workers' compensation liability from July 1, 1985 to July 1, 1992, in this breach of

contract action. The parties are familiar with the facts and proceedings, and we

will not state them except as necessary to explain our decision.

The central issue in this coverage litigation is whether GRC is bound by the

determination of the date of injury of a former BART employee made during a

proceeding before the California Workers' Compensation Appeals Board

("WCAB"). If GRC is not bound, then BART concedes it cannot prove its breach

of contract claim because the date of injury falls outside the GRC policy period and

its losses are not covered.[1] The district court held that GRC was not bound by the

WCAB's findings as to the date of injury, and subsequently entered judgment for

GRC. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not lack subject matter jurisdiction. This action was

properly removed. This breach of contract coverage action does not involve an

---

[1] After the district court determined that GRC was not bound by the WCAB's date of injury finding, BART stipulated to the entry of judgment in favor of GRC because both GRC and BART's experts found that the employee's exposures during his employment with BART were injurious after the GRC policy period ended.

2

adjudication of an employee's workers' compensation benefits and does not "aris[e] under" California workers' compensation laws. 28 U.S.C. § 1445(c). Accordingly, 28 U.S.C. § 1445(c) did not bar removal. *See U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1132 (9th Cir. 2011). The *Rooker-Feldman* doctrine is also inapplicable. BART's breach of contract action against its excess insurer is not a de facto appeal of the WCAB award against BART. Moreover, GRC was not a party to the WCAB proceeding and the *Rooker-Feldman* doctrine cannot be applied to a non-party to the state court action, *see S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 805 (9th Cir. 2002), and *Rooker-Feldman* does not apply to review of state agency actions, *id.*; *see also Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).

California law does not preclude GRC from litigating the date of injury determination in this coverage action. An insurer may be precluded from relitigating a judgment against its insured in a coverage action if it was duly notified of the underlying action and had a full opportunity to protect its own interests in that action. *Exec. Risk Indem., Inc. v. Jones*, 89 Cal. Rptr. 3d 747, 759 (Cal. Ct. App. 2009). GRC does not challenge BART's liability to the employee or the amount of the award against BART, however. Instead, GRC seeks to litigate a factual question that goes to coverage under its policy. It is not barred from doing

3

so by the stipulation between BART and its employee or by the WCAB's finding in approving that agreement. *See id.* at 760. Moreover, GRC was not notified of the underlying proceeding until one week after BART's compromise and release had been approved by the WCAB. It therefore was not duly notified of the underlying action against its insured and would not be bound by the judgment against its insured under *Executive Risk*. *See id.* at 759.

As BART concedes its claim is not covered under the policy, GRC is not estopped from denying coverage. GRC has not raised a late notice defense. It argues instead that the policy does not cover the claim in the first instance. Equitable estoppel is thus inapplicable. Equitable estoppel is "not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom . . . ." *Supervalu, Inc. v. Wexford Underwriting Managers, Inc.*, 96 Cal. Rptr. 3d 316, 326 (Cal. Ct. App. 2009), as modified (quoting *Manneck v. Lawyers Title Ins. Corp.*, 33 Cal. Rptr. 2d 771, 777 (Cal. Ct. App. 1994)).

Because GRC is not bound in this coverage litigation by the date of injury determination in the WCAB proceeding, judgment was properly entered in favor of GRC. The judgment of the district court is **AFFIRMED**.