Filed 4/24/15  Marriage of McDowell CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of JANINE and STEVEN MCDOWELL. | |
| JANINE KRULL MCDOWELL, | E061155 |
| Respondent, | (Super.Ct.No. SWD1303046) |
| v. | OPINION |
| STEVEN D. MCDOWELL, | |
| Appellant. | |

APPEAL from the Superior Court of Riverside County.  James T. Warren, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Katherine Winn for Appellant.

Patterson Law Firm and Alan W. Metcalf for Respondent.

Appellant Steven McDowell (husband) appeals from a temporary spousal support order requiring him to pay respondent Janine Krull McDowell (wife) the sum of $2,387 a

month.  Husband contends that the trial court abused its discretion by awarding temporary support based solely on the use of the DissoMaster computer program and without considering wife's need for support, his ability to pay, or the unique circumstances of the case.  We find no error, and we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Husband and wife, both 54 years old, have been married for over 22 years.  They have no minor children.  On December 19, 2013, wife filed a petition for dissolution and a request for temporary spousal support in the amount of $3,056 a month.  Husband filed a responsive declaration, arguing that the court should order no monthly support and that he would continue paying the community debts "including [wife's] auto and health insurance."  Before the temporary support hearing, wife filed an amended DissoMaster report that proposed temporary spousal support in the amount of $2,387 a month.

Although wife was employed full-time during most of the marriage (she did not work when their children were young), she lost her most recent job in October 2013 and is currently seeking employment.  Her current income is $1,664 a month, which is what she receives in unemployment benefits.[1]  Husband's current income is $8,636 a month.

---

[1]  The lower support amount proposed in the amended DissoMaster report is based on the fact that wife began receiving unemployment.

At the support hearing, the trial court stated that it had read wife's request for orders package,[2] her initial and amended income and expense declarations, husband's responsive declaration, and his income and expense declaration. Husband's counsel stated that they agreed with the numbers that wife's counsel had presented. After hearing oral argument from the parties as to wife's need for support and husband's ability to pay, the court ordered husband to continue to keep wife on his health insurance[3] and to pay temporary spousal support in the amount of $2,387 a month. The court stated that wife's amended DissoMaster report constituted the findings upon which it based its order.

ANALYSIS

1. *Temporary spousal support orders and standard of review*

Family Code[4] section 3600 provides that during the pendency of any proceeding for dissolution of marriage, the court may order either party to pay the other "any amount that is necessary" to support that party. The court has broad discretion, and may order any amount of temporary support based on the moving party's needs and the other party's ability to pay. (*In re Marriage of Dick* (1993) 15 Cal.App.4th 144, 159.) In this context,

---

[2] Wife requested temporary spousal support, continued health care support, and attorney fees and costs. Only the temporary spousal support order is at issue in this appeal.

[3] The court noted that temporary continuance of health coverage is required under the Family Code. (See Fam. Code §§ 233, subd. (a), 2040, subd. (a)(3) [one of the four temporary restraining orders that automatically take place upon commencement of a dissolution proceeding (ATROs) is an ATRO "[r]estraining both parties from cashing . . . canceling . . . or changing the beneficiaries of any insurance . . . including . . . health."].)

[4] All further statutory references are to the Family Code.

"need" relates to the supported spouse's ability to maintain the marital standard of living. The purpose of temporary support is to maintain the living conditions and standards of the parties as close to the preseparation status quo as possible. (*In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 594.) Thus, the court's role is to fashion an order that allows both parties to maintain that standard as nearly as possible.

A section 3600 order for temporary support is appealable. (*In re Marriage of Murray*, *supra*, 101 Cal.App.4th at p. 595.) Temporary support orders are reviewed for abuse of discretion. (*In re Marriage of Winter* (1992) 7 Cal.App.4th 1926, 1932.) A trial court abuses its discretion only if its ruling "exceed[s] the bounds of reason," in light of all of the circumstances before it. (*In re Marriage of Burlini* (1983) 143 Cal.App.3d 65, 70.)

2. *The court's use of the DissoMaster program*

As an initial matter, husband argues that the court abused its discretion by using a report generated by the DissoMaster program to set the amount of temporary spousal support. He asserts that, under *In re Marriage of Olson* (1993) 14 Cal.App.4th 1, the trial court was not permitted to use DissoMaster. He is incorrect.

*Olson* is a case concerned with a *permanent* support order, and its holding on the propriety of using a computer program to calculate the amount of support is limited to such orders. (*In re Marriage of Olson*, *supra*, 14 Cal.App.4th at p. 3 [the issue is whether it is "an abuse of discretion to use a computer program designed to compute temporary spousal support for the determination of permanent spousal support"].) The court held that while it would normally be an abuse of discretion to use "a computer program

4

designed to compute temporary spousal support for the determination of permanent spousal support," it was not an abuse of discretion under the particular facts of the case because the parties' incomes were fluctuating each month. (*Id.* at pp. 3, 8-9.)

Where *temporary* support orders are concerned, California cases have supported the use of computer programs like DissoMaster to assist trial courts in computing support awards. (See, e.g., *In re Marriage of Winter*, *supra*, 7 Cal.App.4th at p. 1933; *In re Marriage of Zywiciel* (2000) 83 Cal.App.4th 1078, 1081-1082; *In re Marriage of Schulze* (1997) 60 Cal.App.4th 519, 522, 526; *In re Marriage of Carter* (1994) 26 Cal.App.4th 1024, 1027, fn. 3.) In *In re Marriage of Winter*, the court stated that the use of computer programs " 'should be encouraged to help lawyers and litigants predict more accurately what temporary support order would be issued if the case proceeded to a contested hearing. . . . They promote consistency in the temporary orders issued in a department with a busy domestic relations motion calendar, and are especially valuable in achieving comparable orders under similar financial facts . . . .' " (*Winter*, at p. 1933.)

We find no error in the trial court's use of a sanctioned and common method for determining temporary spousal support.

3. *Need, ability to pay, and unusual circumstances*

Husband argues that the court also abused its discretion by failing to consider wife's need for the support, his ability to pay it, and the unusual circumstances of this case. He asserts that it was error for the court to only consider the parties' income and itemized deductions listed in the DissoMaster report, without also considering what amount of support was actually "necessary" for wife, and without considering the

5

community debt, which affects his ability to pay.[5]  He also asserts that there are unusual facts in this case that the trial court failed to consider, namely, that the parties filed for bankruptcy in 2009, they anticipate a tax debt of approximately $5,000 for 2013, and they have financial responsibilities, which he is shouldering (i.e., mortgage, property tax, homeowner's insurance, and HOA dues).  We find no error in the court's ruling.

A trial court's discretion to set temporary spousal support is extremely broad.  (*In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1327.)  It can set support in *any amount*, so long as the amount is based on the moving party's need and the other party's ability to pay.  (§ 3600; *Wittgrove*, at p. 1327.)  "[I]n exercising its broad discretion, the court may properly consider the 'big picture' concerning the parties' assets and income available for support in light of the marriage standard of living."  (*Ibid.*; see *In re Marriage of Lim & Carrasco* (2013) 214 Cal.App.4th 768, 773.)  Additionally, as discussed *ante*, a trial court can use a standard computer program like DissoMaster, which relies solely on the income of the parties, to calculate the amount of temporary spousal support.  (*In re Marriage of Olson*, *supra*, 14 Cal.App.4th at pp. 5-6, fn. 3.)  When using such a program, the trial court must make adjustments for unusual factors, but in the absence of such factors, computations may be based solely upon the parties' income.  (*Ibid.*; *In re Marriage of Winter*, *supra*, 7 Cal.App.4th at p. 1933.)

---

[5]  These community debts are the mortgage payment, property taxes, homeowner's insurance payments, maintenance and HOA dues.  According to husband's income and expense declaration, the total of these community debts is $3,267 a month, the majority of which is the mortgage payment, at $2,565 per month.

Here, the trial court relied on the big picture of husband and wife's financial situation by using the DissoMaster report,[6] which computes a proposed support amount based on the parties' income. Contrary to husband's assertion, there is no requirement that the moving party submit information above and beyond what was contained in the DissoMaster report in order to prove a need for a particular amount. The purpose of temporary support is to maintain the living conditions and standards of the parties as close to the preseparation status quo as possible (*In re Marriage of Murray*, *supra*, 101 Cal.App.4th at p. 594), and the court's use of income is a common and accepted means of doing so. (*In re Marriage of Winter*, *supra*, 7 Cal.App.4th at p. 1933 ["We also perceive no problem with the trial court's use of [a computer program based on the court's temporary spousal support guidelines], *based solely on income*, for temporary support. The use of such [programs] 'should be encouraged' "] italics added.)

We find nothing unreasonable about a temporary support order of $2,387 a month. The court's findings demonstrate that husband currently grosses over five times as much income a month than wife does. He makes $8,636 a month, while wife currently receives $1,664 a month, a difference of nearly $7,000. Under the court's temporary support award, wife's total monthly gross is $4,051 ($1,664 plus the ordered $2,387) and husband's is $6,249 ($8,636 minus the ordered $2,387). Thus, even after the support award, husband's monthly income is over 50 percent more than wife's. These facts

_____

[6] Husband agreed to the accuracy of these numbers at the temporary support hearing.

support the trial court's ruling that wife has a need for temporary spousal support in the amount of $2,387 a month and that the court's ruling was not an abuse of discretion.

Husband argues that the itemized deductions in the DissoMaster report were incorrect "because [wife] included her unemployment income of $1,664.00 as wages instead of other taxable income." We reject this argument because, as noted *ante*, husband agreed to the accuracy of these numbers at the temporary support hearing. In any event, this issue does not affect the " 'big picture' " of the parties' assets and income. (See, e.g., *In re Marriage of Wittgrove*, *supra*, 120 Cal.App.4th at p. 1327.) Similarly, the court's order that husband "maintain [wife] on his health insurance" does not affect the big picture of the parties' financial situation (and, as noted *ante*, it is an ATRO under the Family Code). Thus, we also reject husband's argument that the court erred by not taking the cost of health insurance into consideration in setting the amount of temporary support.

Husband's next contention—that he is unable to afford the temporary support because he pays the community debt—is unavailing. As noted, husband will be making a higher monthly income than wife, and he has access to greater assets than wife does. "Ability to pay encompasses far more than the income [of the supporting spouse]; investments and other assets may be used for both temporary spousal support and attorney fees pendente lite."[7] (*In re Marriage of Dick, supra*, 15 Cal.App.4th at p. 159.)

---

[7] We note that husband may receive tax benefits as a consequence of the support award. As the *Olson* court observed, an award of temporary spousal support is ordinarily

*[footnote continued on next page]*

Furthermore, the most significant community debt in husband's income and expense declaration is the mortgage on the home that the parties lived in before they were separated ($2,565 a month). At the time of this appeal, husband was living in the home and wife was staying with family until she could find a place of her own. Because he is the party enjoying the use of the property, it is reasonable that he be responsible for the mortgage payments pending final judgment in the dissolution proceeding.

Finally, there are no "unusual factors" here that would require the court to make adjustments to the amount generated by the DissoMaster report. (See *In re Marriage of Winter*, *supra*, 7 Cal.App.4th at p. 1933 [courts can use computer programs based solely on income to calculate temporary spousal support unless there are *unusual factors*, in which case the court must make adjustments to the amount generated by the program].) The type of factors that court's have found to be unusual are, e.g., that a party is paying spousal or child support from a prior relationship; "unusually large" house or other monthly payments; special educational, medical, or dental expenses for children; or other "special needs" of a spouse or child. (*In re Marriage of Burlini*, *supra*, 143 Cal.App.3d at p. 70.) Here, husband points to the various community debts for which he is responsible—mortgage,[8] property tax, homeowner's insurance, and HOA dues—but

---

*[footnote continued from previous page]*
tax deductible to the payer, resulting in a decrease in income tax liability. (*In re Marriage of Olson*, *supra*, 14 Cal.App.4th at p. 5, fn. 2.)

[8] Husband's schedule of assets and debts lodged as an exhibit to support his responsive declaration states that the encumbrance against the parties' home is $51,000 more than the home's current fair market value.

these responsibilities are common to married couples, nothing about them is unusual. Moreover, the community debts listed in the preceding sentence all pertain to the home in which Husband currently resides.

As for the 2009 bankruptcy filing and the anticipated tax liability for 2013, these also do not constitute the type of unusual circumstances that necessitate adjustment to the DissoMaster's support calculation. Any payments or responsibility associated with bankruptcy or federal or state tax liability are issues of "obligations and assets" for trial in the dissolution proceeding—they are not issues for the temporary support stage. (§ 4320 [in ordering permanent spousal support, the court "shall consider" *inter alia* "[t]he obligations and assets . . . of each party"], § 4330; *In re Marriage of Freitas* (2012) 209 Cal.App.4th 1059, 1071 ["[i]n contrast to an award of permanent spousal support under sections 4330 and 4320, an award of temporary support does not require consideration of numerous statutory factors"].)

We conclude that there is no error in the trial court's temporary spousal support award.

## DISPOSITION

The order is affirmed.

Respondent is to recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                P. J.

We concur:

McKINSTER
                    J.

KING
                    J.

11